ALLEN J. DUNEK, petitioner, v. DISTRICT COURT OF LEE COUNTY at Fort Madison, HON. W. L. HUISKAMP, Judge, respondent.

No. 51983.

(Reported in 140 N.W.2d 372)

Certiorari to Lee District Court at Fort Madison—W. L. HUISKAMP, Judge.

FEBRUARY 8, 1966.

Allen J. Dunek, pro se.

Lawrence F. Scalise, Attorney General, and Ronald A. Riley, Assistant Attorney General, for respondent.

SNELL, J.—Petitioner, Allen J. Dunek, is a prisoner in the penitentiary at Fort Madison.

On June 8, 1965, petitioner filed a petition for Writ of Habeas Corpus in Lee District Court at Fort Madison. The writ was issued and returned. Answer was filed and hearing held. Petitioner introduced and there was received into evidence the transcript of the proceedings in State v. Allen Joseph Dunek, #19903 Linn District Court, the case that resulted in petitioner's imprisonment. Petitioner offered no other evidence. Petitioner's prayer for release was denied by Lee District Court and petitioner was remanded to the custody of the warden of the penitentiary on July 27, 1965. We granted certiorari and the case is now before us on respondent's return and written briefs and arguments.

We have examined the entire record including the transcript of the proceedings and testimony in the original trial.

Petitioner in his petition for Writ of Habeas Corpus alleged and now argues before us that he has been unlawfully restrained of his liberty (1) in that evidence obtained through unlawful search and seizure was admitted in his criminal trial and (2)

that a confession obtained without advising petitioner of his right to remain silent and without permitting consultation with an attorney was admitted into evidence.

I. Petitioner was arrested in a Cedar Rapids, Iowa, hotel room on February 6, 1963, after he was identified by Francis X. Dolan, as being one of the two men who about two hours earlier had robbed him at knifepoint. The identification was made in the presence of two police officers who arrested and took petitioner and his companion to the police station. When they left the hotel the room was locked. A third officer who had been within hearing distance stayed at the hotel. He was in the lobby watching the stairs and elevator. No one entered or left. A police sergeant arrived at the hotel as the two officers and the two men under arrest were leaving for the police station. The sergeant took Mr. Dolan to the police station and returned to the hotel in about fifteen minutes. The sergeant and the officer who had remained obtained the room key from the hotel clerk, entered and searched the room. They had no search warrant. They found a billfold and a box of No-Doz pills later identified as stolen from Mr. Dolan, a knife and other articles later identified as belonging to the two accused men. No question has ever been raised as to the identification or ownership of the items found.

Some of the items found, including the billfold and the knife, were offered and received in evidence at the trial.

Petitioner never objected to the officers' original entry when he opened the door to them. He was experienced and knew the officers. There is no question as to the legality of his arrest. When the officers left with the arrested men the room was locked, under surveillance and searched within fifteen minutes.

■ ■ A warrant is not always a prerequisite to a lawful search. Evidence may be seized coincident with a lawful arrest. The test is reasonableness as to place, time and area. United States v. Rabinowitz, 339 U. S. 56, 63, 70 S. Ct. 430, 434, 94 L. Ed. 653.

We need not discuss whether the search of petitioner's room was so coincident with the arrest as to be reasonable.

■ Assuming, arguendo, that the search was without authority petitioner may not now complain.

The wallet and knife were identified by the complaining witness, two police officers and the petitioner himself in his testimony. We find no objection anywhere to the offer and receipt into evidence of the articles. No objections were made when offered, no motions to strike testimony were made, there was no mention thereof in the motions for directed verdict or for new trial and there were no exceptions to instructions. No question was raised on appeal. The first complaint of an illegal search and seizure was in the Habeas Corpus petition.

■ The right to suppress evidence may be waived and objection to evidence must be timely. State v. Gillam, 230 Iowa 1287, 1289, 300 N.W. 567, People v. Ferguson, June 7, 1965, 376 Mich. 90, 135 N.W.2d 357.

■ While the rule as to admissibility of evidence has been changed by Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed.2d 1081, 84 A. L. R.2d 933, decided prior to petitioner's trial we find nothing to indicate any change in the rule that objections must be timely.

Petitioner had counsel when tried, convicted and sentenced. He had counsel, although different attorneys, when his case was appealed. When his trial and appellate strategy failed he is in no position now to complain.

In State v. Myers, 257 Iowa 857, 860, 135 N.W.2d 73, 75, we cited authorities and then said: "* * * we point out that when right to counsel is exercised, it will not do to say the accused is immune from compliance with the rules by which established procedure requires trials to be conducted. The trial court and the State are entitled to know defendant's claims, his objections and in what respect he contends he is not receiving a fair trial."

See also State v. Mabbitt, 257 Iowa 1063, 135 N.W.2d 525.

II. Petitioner claims his interrogation by police resulting in his admissions and written statement violated his constitutional rights in that he was not properly advised and was denied counsel. The statement was admitted in evidence.

The jury trial resulting in petitioner's conviction and imprisonment was held in April 1963. His appeal was decided October 15, 1963.

Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977, relied on by petitioner was decided in June 1964.

In June 1965 the United States Supreme Court held that Mapp v. Ohio, supra, did not operate retrospectively. Linkletter v. Walker, 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed.2d 601.

■ The self-incrimination clause of Amendment 5 is made applicable to proceedings in state courts by Amendment 14 to the United States Constitution. Malloy v. Hogan, 378 U. S. 1, 84 S. Ct. 1489, 12 L. Ed.2d 653; State v. Johnson, 257 Iowa 1052, 1055, 135 N.W.2d 518.

In April 1965 the Supreme Court held that comment by counsel or the court on the failure of the accused in a criminal trial to testify violates Amendment 5 as made applicable to the states by Amendment 14. Griffin v. State of California, 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed.2d 106.

On January 19, 1966, the Supreme Court held that the rule did not operate retrospectively. It was held that a state prisoner whose conviction became final before Griffin v. California, forbidding comment by state prosecutor or judge on defendant's failure to testify, cannot invoke the Griffin rule to vitiate a pre-Griffin conviction. Tehan v. United States ex rel. Shott, 34 Law Week 4095, 86 S. Ct. 459.

In the case before us there was no such flagrant violation of petitioner's rights as appears in Escobedo. If neither the Mapp rule nor the Griffin rule operates retrospectively we see no reason why Escobedo should be extended and operate retrospectively to the case at bar.

The writ is annulled and the trial court is affirmed.

Writ annulled.

All JUSTICES concur except JUSTICES RAWLINGS and BECKER who dissent.