Thomas F. KENNEY, Petitioner-Appellant,

v.

Charles H. HAUGH, Warden, Iowa Men's Reformatory, Anamosa, Iowa, Respondent-Appellee.

No. 53372.

Supreme Court of Iowa.

Dec. 10, 1968.

Jerald R. Bronemann, Monticello, for petitioner-appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Robert H. Story, County Atty., for respondent-appellee.

SNELL, Justice.

Petitioner has appealed from denial of his petition for writ of habeas corpus.

He is presently confined in the Men's Reformatory.

In 1964 petitioner was charged, tried before judge and jury, found guilty and sentenced for violation of section 708.1, Code of Iowa.

Respondent warden also holds a mittimus for petitioner's confinement on a sentence for breaking jail. This sentence is to commence from the expiration of the sentence on the burglary conviction. Only the burglary sentence is involved herein.

We find nothing entitled "Record."

This appears in petitioner's "abstract for appeal":

"Petitioner subsequently requested that his conviction be appealed to the Iowa Supreme Court and an attorney was appointed therefor who prosecuted said appeal by clerk's transcript without the knowledge and consent of petitioner. * * *

"Petitioner's court appointed attorney during the trial reviewed the transcript of petitioner's conviction and decided there wasn't sufficient merit to appeal; allowed the matter to be considered on a clerk's transcript and did not specifically notify the petitioner that he intended to send up a clerk's transcript instead of an appeal including brief, argument, and assigned error."

The conviction was affirmed January 12, 1965. State v. Kenney, 132 N.W.2d 358.

In September 1966 petitioner filed a petition for writ of habeas corpus claiming violation of due process in the manner in which the appeal was submitted.

During the trial of the instant case it was stipulated that the original appeal was submitted by means of a clerk's transcript.

Petitioner has at all times, during trial of the felony charge, on appeal therefrom, at the trial on the present habeas corpus proceeding and now on appeal, been represented by counsel.

I. We are not faced here with any problem of discrimination because of indigency. There is no claim that petitioner has been denied anything because he was poor.

Although it is not argued and does not affirmatively appear we assume he was without substantial financial resources.

II. Unquestionably the wealthy enjoy advantages not available to the less fortunate but in our state due process is not denied an accused because of poverty.

██ If an accused desires but is unable to employ counsel, " *   *   * the court must allow him to select or assign him counsel, not exceeding two *  *  *." Section 775.4, Code of Iowa.

Article I, section 10, Constitution of the State of Iowa provides for compulsory process for an accused's witnesses.

Section 775.5 provides:

"Fee for attorney defending. An attorney appointed by the court to defend any person charged with a crime in this state shall be entitled to a reasonable compensation to be decided in each case by the court, including such sum or sums as the court may determine are necessary for investigation in the interests of justice and in the event of appeal the cost of obtaining the transcript of the trial and the printing of the trial record and necessary briefs in behalf of the defendant. Such attorney need not follow the case into another coun-

ty or into the supreme court unless so directed by the court at the request of the defendant, where grounds for further litigation are not capricious or unreasonable, but if he does so his fee shall be determined accordingly. Only one attorney fee shall be so awarded in any one case."

Section 793.1 provides for appeal.

Section 793.8 provides:

"Transcript at expense of county. If a defendant in a criminal cause has perfected an appeal from a judgment against him and shall satisfy a judge of the district court from which the appeal is taken that he is unable to pay for a transcript of the evidence, such judge may order the same made at the expense of the county where said defendant was tried."

Petitioner here has had the advantage or the opportunity to take advantage of each of these provisions.

III. There is no claim that there was ever any request for submission of the original appeal on written brief and argument and oral argument. We quote from petitioner's Statement of Facts:

"Appellant requested an appeal to the Supreme Court of his conviction; his court appointed attorney examined the transcript and elected to appeal on a Clerk's transcript, without making this fact known to petitioner. *   *   *"

The attorney who represented petitioner at the time of the original trial and appeal testified. He recalled that the petitioner did not request him to file briefs and orally argue. The attorney said that after reviewing the transcript he did not believe at that time that it had any merit to take it to the Iowa Supreme Court. He stated that he did not receive word from the petitioner to file a record in the case but that he did affirmatively respond to petitioner's requests for copies of the Supreme Court decision and the transcript.

On May 8, 1967 the Supreme Court of the United States decided Entsminger v. State of Iowa, 386 U.S. 748, 87 S.Ct. 1402,

18 L.Ed.2d 501. The court held that the clerk's transcript procedure as there applied was an inadequate and ineffective review of the merits of the proceeding culminating in conviction. That case differs somewhat from the case at bar in that there petitioner had asked his counsel to perfect a plenary appeal. Here there is no claim of any such request. However, we recognize the rule established in Entsminger and do not base our decision here on that distinction.

The court referred to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, decided the same day. There were questions other than appear in Entsminger and the case for petitioner was much stronger than in the case at bar, but the court said:

"California's procedure did not furnish petitioner with counsel acting in the role of an advocate nor did it provide that full consideration and resolution of the matter as is obtained when counsel is acting in that capacity. The necessity for counsel so acting is highlighted by the possible disadvantage the petitioner suffered here. * * "

Here there was no active advocacy by counsel but there was no denial of that right by the State or court. We need not express an opinion as to the extent to which Entsminger might apply to the factual situation in the case at bar. We do not believe Entsminger is controlling here.

During the past several years many "new standards" and "new rules" for determination of constitutional safeguards have been stated by the Supreme Court of the United States. Some have been applied retroactively and some have required only prospective observance. Until the Supreme Court has spoken there is difficulty in determining which of the rules operate retroactively. This difficulty has been recognized by the Supreme Court. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 this is quoted from Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882:

"'The retroactivity or nonretroactivity of a rule is not automatically determined by the provision of the Constitution on which the dictate is based. Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved.' "

A few illustrations of the variance will suffice.

Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 involving the right to counsel was held to apply retroactively by Johnson v. New Jersey (1966), supra.

Jackson v. Denno (1964), 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 involving procedure for determination of voluntariness of a confession was held to apply retroactively by Johnson v. New Jersey, supra.

Griffin v. Illinois (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, involving the right of an indigent to a transcript and record for purpose of appeal was held retroactive by Eskridge v. Washington State Board of Prisons (1958), 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269.

Mapp v. Ohio (1961), 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081, a search and seizure case was held to operate prospectively only by Linkletter v. Walker (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

Griffin v. California (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, condemning prosecutor's comments on defendant's failure to testify was held prospective only by Tehan v. United States ex rel. Shott (1966), 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453.

Escobedo v. Illinois (1964), 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, involving right to attorney was held prospective only by Johnson v. New Jersey (1966), supra.

Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, involv-

ing confessions and warnings was held to operate prospectively only by Johnson v. New Jersey, supra, decided one week later.

United States v. Wade (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 involving defendant's right to counsel at lineup and Gilbert v. California (same date), 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, discussing right to attorney at confrontation of witness were both held to apply prospectively only by Stovall v. Denno (same date), supra.

This appears in Stovall:

" 'The question whether a constitutional rule of criminal procedure does or does not enhance the reliability of the fact-finding process at trial is necessarily a matter of degree.' Johnson v. New Jersey, supra, 384 U.S., at 728–729, 86 S.Ct. 1772, 1778. The extent to which a condemned practice infects the integrity of the truth-determining process at trial is a 'question of probabilities.' Ibid. Such probabilities must in turn be weighed against the prior justified reliance upon the old standards and the impact of retroactivity upon the administration of justice."

In Johnson v. New Jersey, supra, the Supreme Court reviewed cases having retroactive application. This appears:

"In each instance we concluded that retroactive application was justified because the rule affected 'the very integrity of the fact-finding process' and averted 'the clear danger of convicting the innocent.' Linkletter v. Walker, 381 U.S., at 639, 85 S.Ct. 1731, 1743; Tehan v. United States ex rel. Shott, 382 U.S., at 416, 86 S.Ct. 459, 465."

Griffin v. Illinois, supra, involved the right of an indigent defendant to a transcript for the purpose of appeal. No means were provided. The court said:

"There is no meaningful distinction between a rule which would deny the poor the right to defend themselves in a trial court and one which effectively denies the poor an adequate appellate review accorded to all who have money enough to pay the costs in advance."

The court held that the inability of a defendant to obtain a transcript "discriminates against some convicted defendants on account of their poverty."

We have no such claim or situation in the case before us.

IV. On March 7, 1968 by written order based on peculiar and unusual facts and circumstances of the particular case (State v. Kittelson) we granted a belated appeal. In the order this appears:

"This order is not to be taken as any indication that we view the decision of the Supreme Court of the United States in Entsminger v. State of Iowa, 385 [386] U.S. [748], 87 S.Ct. 1402, 18 L.Ed.2d 501, as having retroactive effect. To the contrary, it is our view that said Entsminger decision does not have retroactive effect."

Of course, this statement does not speak with the authority of a decision but it indicated our thinking.

More thorough review of the problem now leads us to the same conclusion.

■ The case before us does not present such a challenge to "the very integrity of the fact-finding process" or "clear danger of convicting the innocent" as to require retroactive application of Entsminger.

The original decision in the case at bar antedates the decision in Entsminger and is not controlled thereby.

V. In his brief and argument petitioner cites only Ford v. State of Iowa and Haugh, 258 Iowa 137, 138 N.W.2d 116. That case does not support petitioner's position. In Ford we denied habeas corpus but granted a belated appeal on a showing that the delay in giving timely notice of appeal was because of a wrongful act or omission by the authorities. We have no comparable situation here.

VI. In petitioner-appellant's brief and argument as a statement of error relied on for reversal this appears:

"Petitioner was subjected to such illegal search of his property and seizure of evi-

dence which was used at trial against him so as to entitle him to immediate release from imprisonment at the hands of respondent."

In his brief point counsel "admits that no authority exists to substantiate the proposition."

Counsel is correct. The authority is to the contrary.

In Ford v. State, supra, loc. cit. 139, 138 N.W.2d loc. cit. 118, this appears: "Habeas corpus may not be used in lieu of appeal."

In the case at bar the trial court's Findings of Fact included the following:

"Petitioner was arrested on the burglary charge on February 14, 1964. On that same day a search warrant was issued authorizing· a search of petitioner's hotel room. A search of petitioner's hotel room was made and certain items of property were seized. Petitioner's testimony raises a suspicion that the police actually made a search of his hotel room before obtaining the search warrant, but petitioner failed to establish such to be a fact by a preponderance of the evidence.

"John F. Siebenmann, a Cedar Rapids lawyer, was appointed by the Court to represent petitioner. A jury trial was held. The items of property seized in the search of petitioner's hotel room were introduced into evidence. Mr. Siebenmann objected to the introduction of some of the items on the sole ground that the evidence had not established that those items had any connection with the burglary in question. The court overruled the objection. Neither Mr. Siebenmann nor petitioner herein made any objection on the ground that the search was unlawful. The jury found petitioner to be guilty. Subsequently, Mr. Siebenmann filed a motion for new trial, but did not allege therein that the search of petitioner's hotel room was unlawful."

These findings of fact are not challenged.

 A comparable situation appeared in Dunek v. District Court, 258 Iowa 673, 675, 676, 140 N.W.2d 372, 374. We held that assuming, arguendo, that the search was without authority the petitioner might not later complain. "The right to suppress evidence may be waived and objection to evidence must be timely. [Citations]"

Petitioner's present complaint is untenable. It is of doubtful merit and is not timely.

The case is

Affirmed.

GARFIELD, C. J., and LARSON, MOORE, STUART, MASON and Le-GRAND, JJ., concur.

RAWLINGS and BECKER, JJ., concur in the result.