**Earl William HARRIS, Appellee,**

v.

**Lou V. BREWER, Warden, Appellant.**

**No. 20389.**

United States Court of Appeals, Eighth Circuit.

Nov. 19, 1970.

Earl W. Harris, pro se.

Richard C. Turner, Atty. Gen., and G. Douglas Essy, Asst. Atty. Gen., Des Moines, Iowa, on brief for appellant.

Before VOGEL, Senior Circuit Judge, and MEHAFFY and LAY, Circuit Judges.

LAY, Circuit Judge.

This is an appeal by the Warden of the Iowa Penitentiary from the issuance of a writ of habeas corpus by the federal district court.

The petitioner was convicted of forgery in Davenport, Iowa, in 1965, and was sentenced to 10 years. Upon appeal to the Iowa Supreme Court his conviction was affirmed. State v. Harris, 141 N.W.2d 149 (Iowa 1966).[1] Thereafter, in 1966, he applied for a writ of habeas corpus on the ground of a denial of speedy trial. An evidentiary hearing

[1]. He appealed to the Iowa Supreme Court on a Clerk's transcript. This procedure was held constitutionally impermissible in Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967). The Iowa Supreme Court subsequently held that this rule was to be applied prospectively only. Kenney v. Haugh, 163 N.W. 2d 428 (Iowa 1968), cert. denied 395 U.S. 943, 89 S.Ct. 2014, 23 L.Ed.2d 461 (1969).

was held. The state trial court denied the writ. No appeal was taken at that time. In 1969, the petitioner filed for a new writ of habeas corpus in the state court alleging for the first time that the evidence used against him was obtained by an illegal search and seizure. The state trial court denied relief without a hearing on the ground that petitioner could not file two separate petitions and that having once previously filed in 1966 without raising the illegal search issue he could not do so in a later action. Upon application to the Iowa Supreme Court the petition was denied on the ground that petitioner had failed to comply with the requirements of the Iowa statutes.[2]

The federal district court, Chief Judge Roy L. Stephenson, after having reviewed the entire state record found that petitioner was entitled to make a belated claim of illegal search and seizure even though not raised at the time of his trial. Judge Stephenson also found that the police affidavit filed in 1965 to obtain the search warrant did not meet constitutional requirements of probable cause for the issuance of the warrant. We agree and affirm.

 It has been settled law since Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), that a state prisoner who may have procedurally forfeited his right in the state courts to raise federal constitutional claims does not similarly forfeit his right in federal court, unless he has deliberately and knowingly waived the same. It is further well settled that whether or not a petitioner has "waived" his right to raise a federal claim is a federal question to be decided by federal standards. We have fully discussed these principles in previous cases. See e. g., Pope v. Swenson, 395 F.2d 321 (8 Cir.1968). Federal courts cannot insist upon liberalization of state procedures. In the exercise of comity and in the recognition that state courts are better equipped to handle claims of state prisoners federal courts should yield as to the handling of state prisoner claims, as long as the state courts provide an existing forum to entertain the merits of the petition. Nevertheless, once the state remedies have been exhausted, once the writ has been denied by the state court, whether on substantive or procedural grounds, a federal court must entertain jurisdiction of the claim of a state prisoner. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); United States ex rel. Sniffen v. Follette, 393 F. 2d 726 (2 Cir.1968); United States ex rel. Boyance v. Myers, 372 F.2d 111 (3 Cir.1967).

 When the petitioner raises issues which the state has sidestepped for procedural reasons, the only bar to federal review on the merits is whether the prisoner has knowingly waived his right to raise the issue in state court. The fact that he has filed repetitive petitions is not in itself determinative of his right to be heard. Traditional principles of res judicata are not the measuring rod. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).[3] This does not mean that any

---

2. Petitioner evidently did not appeal the denial of the writ by the trial court. Instead he filed his petition anew in the Supreme Court. The Iowa Supreme Court in a six-line order held that petitioner's application did not comply with § 663.4 of the Iowa Code Annotated. This section provides:

"Application for the writ must be made to the court or judge most convenient in point of distance to the applicant, and the more remote court or judge, if applied to therefor, may refuse the same unless a sufficient reason be stated in the petition for not making the application to the more convenient court or a judge thereof."

3. There exists, however, a "limited res judicata" effect to successive petitions where: "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." 373 U.S. at 15, 83 S.Ct. at 1077.

court condones piecemeal litigation in habeas corpus cases. Every trial judge should encourage the prisoner to present all of his known claims in the initial post-conviction proceedings. In the instant transcript of proceedings we note that the state trial court, Judge Huiscamp, pressed the petitioner to do so at the time of the 1966 evidentiary hearing in state court. It seems virtually inconceivable that a prisoner who seeks his liberty will not allege every *known* basis which might support his release. This is undoubtedly why so many frivolous grounds are alleged in post-conviction petitions since the prisoner, unschooled in the law, seeks his freedom on every ground he can imagine. It is in the prisoner's self-interest to allege all constitutional infirmities, not because of procedural forfeiture, but because of continued imprisonment. Judicial anathema will never surpass a prisoner's unending quest for release as an effective limitation on fragmented consideration of his claims. And as long as the judicial process wears no blinder to meritorious constitutional claims, judges must continue to evaluate all petitions.[4] It is a claim of merit we pass on here.

Two arguments are made on behalf of the state on appeal: (1) that there *may have been* other evidence given orally to the magistrate as to probable cause to issue the search warrant that does not appear of record; and (2) that the district court erred in failing to grant an evidentiary hearing to determine if the petitioner or his attorneys strategically and deliberately waived his right to object to the search warrant.

The state does not contend that there exists additional oral evidence given to the magistrate. Cf. United States v.

Berkus, 428 F.2d 1148 (8 Cir.1970). Its argument, here and in the district court, is only that there may have been. The record shows that the only information before the magistrate was the police officer's affidavit which merely recited that he had reasonable cause to believe that he would find the items listed in the petitioner's apartment. This is admittedly deficient to establish probable cause to search under constitutional standards.

■ A more difficult question is whether the trial court erred in not granting an evidentiary hearing to determine the issue of deliberate waiver. We note in passing that the state did not assert the question of waiver in its response in the federal district court or at any time in the pleadings in the state court, until its motion for stay to execute the order in the district court. Since the issue was not raised in district court, it is understandable why the court did not specifically pass on the question of deliberate waiver. Nevertheless, assuming the issue is properly before us, we think the record here, without the necessity of an evidentiary hearing, is sufficiently clear to support a finding of no waiver. Where evidence is supplied by the clarity of an existing record an evidentiary hearing is not necessary. Cf. Chambers v. Maroney, 399 U.S. 42, 54, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The present facts are clearly distinguishable from Pope v. Swenson, supra, where the record made at the original trial demonstrated the defendant's participation and acquiescence in counsel's strategy of making no objection. Here the original trial record was not supplied. The record is undisputed that the petitioner did not personally be-

---

4. Actually the state and federal trial courts already possess the most effective tools to prevent piecemeal post-conviction litigation. Justice by installment could be eliminated if every initial criminal proceeding would touch base with constitutional procedure and secure a thorough record for future reference. Hopefully we have passed the day where the judicial officer begrudges a defendant the fact

that he is fully informed of his constitutional rights. When frivolous petitions are later filed, the prior record will often automatically provide simple reference for summary rejection without a great waste of judicial manpower. For a full discussion of these principles, see Post Conviction Remedies and the Overburdened Judiciary: Solutions Ahead, 3 Creighton L.Rev. 5 (1969).

come aware of the illegal search and seizure until sometime in 1969. His allegation was never traversed by the state. Under the circumstances the trial court's granting of the writ without an evidentiary hearing was proper.

The State of Iowa is to be given 90 days from the date this judgment becomes final to grant petitioner a new trial or upon its failure to do so the petitioner shall be released. The district court in its discretion may expand the time ordered for retrial upon good cause shown.

Judgment affirmed.