Wardell N. SMITH, Appellant,

v.

Warden Charles WOLFF, Nebraska State Penitentiary, Appellee.

No. 74–1030.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1974.

Decided Nov. 12, 1974.

James J. DeMars, Lincoln, Neb., for appellant.

Ralph H. Gillan, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Wardell N. Smith, a Nebraska state prisoner, appeals the dismissal of his petition for writ of habeas corpus. He challenged his conviction and sentence on numerous constitutional grounds. The District Court held two evidentiary hearings and dismissed the petition. It found that petitioner had not exhausted his state remedies on many of the claims and held that they were not properly before the federal court. Those claims which had been previously presented to the Nebraska courts were denied on their merits. Two issues are presented on appeal. First, whether the doctrine of exhaustion of state remedies precludes petitioner from seeking federal habeas relief when Nebraska, for procedural reasons, will no longer entertain the petitioner's claims. Second, whether the District Court correctly ruled on those claims that it found to be properly before it.

The petitioner pleaded guilty to first degree murder while in the commission of a robbery on May 24, 1965. On June 15, 1965, he was sentenced to life imprisonment. No direct appeal was taken from the conviction and sentence.

The petitioner's first post conviction action was filed in July of 1966; relief

was denied on February 24, 1967.[1] The petitioner then filed a motion for rehearing. The state court viewed the motion as one for a new trial and dismissed it for being out of time. An appeal was then taken to the Nebraska Supreme Court. That court viewed the appeal as from the denial of the motion for a new trial and affirmed. State v. Smith, 182 Neb. 458, 155 N.W.2d 368 (1968). The merits of the petitioner's constitutional claims were not considered.

The petitioner's second post conviction action was filed on March 25, 1970.[2] The state trial court held an evidentiary hearing and relief was denied on July 30, 1971. The Nebraska Supreme Court affirmed. State v. Smith, 188 Neb. 388, 196 N.W.2d 918 (1972). It held:

> This, however, is a second motion for post conviction relief on behalf of the defendant. In State v. Reichel, 187 Neb. 464, 191 N.W.2d 826, we held: "After a first motion for post conviction relief has been judicially determined, any subsequent motion for post conviction relief from the same conviction and sentence may be dismissed by the district court, unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing a prior motion for post conviction relief." We see no reason to depart from that holding in this case.

*Id.*

Having twice been before the Nebraska Supreme Court without receiving a ruling on the merits of his constitutional claims, the petitioner filed for habeas corpus relief in the United States District Court for the District of Nebraska on August 3, 1972.

*I. Whether the District Court Properly Refused to Consider the Merits of the Petitioner's Claims Which Had Not Previously Been Presented to the State Courts.*

It has been established since Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963), that the exhaustion of state remedies doctrine is a rule of comity and not a rule limiting the power of federal courts to give habeas relief. Yet, as we said in Barry v. Sigler, 373 F.2d 835 (8th Cir. 1967):

> Nevertheless, the teaching of Fay v. Noia, supra, emphasizes that a federal district court should not "upset a state conviction without an opportunity to the state courts to correct a constitutional violation." * * * The rationale of the rule aids petitioner. The state district court is cognizant of the litigation and if constitutional guarantees not otherwise litigated need correction, the state courts are the logical courts to hold the hearing and review their own cases.

*Id.* at 838 (Footnote omitted.); *see,* Picard v. Connor, 404 U.S. 270, 275–276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

We have been sensitive to this principle of comity.[3] In Tyler v. Swenson, 440 F.2d 621 (8th Cir. 1971), the petitioner had taken a direct appeal from his conviction and sentence wherein he presented the same issues he sought to

---

1. The first post conviction petition alleged that the petitioner's plea of guilty was involuntary in that it was motivated by a prior coerced confession.

2. The second post conviction petition alleged that: 1) the petitioner was denied the effective assistance of counsel; 2) the information by which the petitioner was charged was legally inadequate; 3) the state court was without jurisdiction to hear the charges brought against the petitioner; 4) an unreasonable delay before the preliminary hearing constituted a denial of due process; 5) the petitioner was denied due process in that the state court was not a court of record; 6) the petitioner's confession was involuntary; 7) the petitioner's plea of guilty was involuntary in that it was motivated by the prior coerced confession; and 8) the plea of guilty was accepted by the court in violation of due process in that the court failed to inquire into the factual basis of the plea.

3. *See,* Lay, Problems of Federal Habeas Corpus Involving State Prisoners, 45 F.R.D. 45, 51 (1969).

raise in federal habeas corpus. But because the state supreme court had not passed upon the merits of those claims, as they were framed in the federal court, we dismissed the petition without prejudice. There was no indication that post conviction relief in the state courts was no longer available to the petitioner. This same respect for the state courts is also found in Blunt v. Wolff, 501 F.2d 1138 (8th Cir. 1974). There, the petitioner argued, as Mr. Smith does here, that the Nebraska procedural rule requiring that all available constitutional claims be presented in the first attack on the conviction and sentence precluded him from further relief in the state courts. Nevertheless, because of the circumstances there presented, we believed that the Nebraska Supreme Court might afford the petitioner a new appeal and, therefore, dismissed the petition without prejudice.

■ In the instant case, however, there is no reason to believe that further relief is available in the state courts. The Nebraska Supreme Court has twice refused to pass upon the merits of the petitioner's constitutional claims. In its second decision, it clearly stated that the petitioner has procedurally forfeited his state remedies. Further, the State's Assistant Attorney General, in oral argument, conceded that it was unlikely that the petitioner could bring a third post conviction action in state court. On the facts here presented, the failure to first present all constitutional claims to the state courts is not grounds for the dismissal of the petition for writ of habeas corpus. *See,* Reynolds v. Lockhart, 497 F.2d 314, 316 (8th Cir. 1974).[4]

This Court said in Harris v. Brewer, 434 F.2d 166 (8th Cir. 1970):

> It has been settled law since Fay v. Noia, * * * that a state prisoner who may have procedurally forfeited his right in the state courts to raise federal constitutional claims does not similarly forfeit his right in federal court, unless he has deliberately and knowingly waived the same. * * *

*Id.* at 168 (Citation omitted.); *accord,* Losieau v. Sigler, 421 F.2d 825 (8th Cir. 1970); Williams v. Brantley, 502 F.2d 1383 (7th Cir. 1974).[5]

■ The exhaustion of state remedies requirement applies only when state court relief is available to the petitioner at the time he files his petition for habeas corpus in federal court. Humphrey v. Cady, 405 U.S. 504, 516, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972); Fay v. Noia, *supra,* 372 U.S. at 435, 83 S.Ct. 822. The Nebraska procedural rule precludes further relief in the state court. Federal relief can be denied only if the petitioner has deliberately bypassed the state procedure for the adjudication of his federal claims. This waiver of state relief:

> * * * must be the product of an understanding and knowing decision by the petitioner himself, who is not necessarily bound by the decision or default of his counsel. * * *

Humphrey v. Cady, *supra,* 405 U.S. at 517, 92 S.Ct. at 1056.

Whether the petitioner has deliberately bypassed the state procedure is a federal question to be judged by federal standards. Harris v. Brewer, *supra,* 405 U.S. at 168, 92 S.Ct. 1048. The court below found that the petitioner had not delib-

---

4. The District Court, in requiring that the petitioner return to the state courts, relied upon LeDent v. Wolff, 460 F.2d 1001 (8th Cir. 1972). There, the petitioner raised in his federal petition for habeas corpus relief a constitutional claim not previously presented to the state courts. We held that he must first exhaust his state remedies before coming to federal court. Unlike the case here, however, there was no indication in *LeDent* that the petitioner had procedurally forfeited his right to seek further relief in the state courts.

5. The constitutionality of the state's procedural rule is not in issue. *See,* Murch v. Mottram, 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed. 2d 194 (1973).

erately bypassed the state remedies. That finding is not clearly erroneous.

Since further relief in the state courts is no longer available, and since the petitioner has not deliberately bypassed the state courts, we remand to the District Court with directions to consider the constitutional claims of the petitioner which it found were not properly before it.[6]

*II. Whether the District Court Correctly Ruled on the Merits of Those Claims It Found to be Properly Before It.*

■■■■ The petitioner alleged that:

His guilty plea was accepted by the court in violation of due process of law in that the court failed to inquire into the factual basis of petitioner's guilty plea.

The court properly denied relief on the basis of our decision in Meller v. Missouri, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S.Ct. 469, 27 L. Ed.2d 445 (1971), which held that the procedural requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were not to be applied retroactively. On remand, however, the court shall consider the petitioner's claims which challenge the voluntariness of his guilty plea under the totality of the circumstances. The petitioner alleged that:

His guilty plea was accepted by the court in violation of due process of law in that the court failed to inquire fully into voluntariness and knowledge of the petitioner as to the consequences of entering a plea of guilty.

and that:

His guilty plea was accepted by the court in violation of due process of law in that the court failed to notify the petitioner at the time the guilty plea was accepted as to the exact nature of the charge against him and did not require a reading of the information at that time.

As this Court stated in Knight v. State of Minnesota, 484 F.2d 104 (8th Cir. 1973):

\* \* \* Although we have held that *Boykin's* requirement that the record affirmatively show that a guilty plea was voluntarily and understandingly made is not retroactive, Meller v. Missouri, \* \* \* the necessity that courts approach guilty pleas with "utmost solicitude" is to some extent inherent in the traditional concept of due process. \* \* \*

*Id.* at 106 (Citations omitted.)

■■■■ The petitioner also claimed that he was denied effective assistance of counsel. He charged that:

1. He was denied effective assistance of counsel in that counsel failed to investigate properly either the law or the facts of his case to determine whether there was a defense to the charges against him;

2. He was denied effective assistance of counsel in that counsel used coercion, threats, and other means to induce the petitioner to plead guilty;

3. He was denied effective assistance of counsel in that counsel advised the petitioner that upon trial of the case the petitioner could not have had lesser charges such as manslaughter

---

6. In discussing the state interest in the orderly adjudication of criminal cases and the federal interest embodied in the writ of habeas corpus, the Supreme Court said:

\* \* \* And if because of inadvertence or neglect he runs afoul of a state procedural requirement, and thereby forfeits his state remedies, appellate and collateral, as well as direct review thereof in this Court, those consequences should be sufficient to vindicate the State's valid interest in orderly procedure. Whatever residuum

of state interest there may be under such circumstances is manifestly insufficient in the face of the federal policy, drawn from the ancient principles of the writ of habeas corpus, embodied both in the Federal Constitution and in the habeas corpus provisions of the Judicial Code, and consistently upheld by this Court, of affording an effective remedy for restraints contrary to the Constitution. \* \* \*

Fay v. Noia, 372 U.S. 391, 433–434, 83 S.Ct. 822, 846, 9 L.Ed.2d 837 (1963).

or second degree murder submitted to the jury[.]

The District Court considered the merits of the first two allegations and denied relief. Because the considered claims are interrelated and intertwined with the claim not considered, we remand to the District Court with directions to consider the competency of counsel in its entirety, looking to the cumulative effect counsel had on petitioner's right to due process. The standard of competency set forth in McQueen v. Swenson, 498 F.2d 207 (8th Cir. 1974), and Garton v. Swenson, 497 F.2d 1137 (8th Cir. 1974), will provide guidance for this inquiry.

Closely related to the claim of ineffective counsel is the petitioner's charge that his plea of guilty was motivated by a prior coerced confession. The District Court properly held that the disposition of this issue is controlled by McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), which directs the court to focus, as an initial matter, not on the voluntariness of the confession, but on the competency of counsel. *See,* Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); Redus v. Swenson, 468 F.2d 606 (8th Cir. 1972), cert. denied, 411 U.S. 933, 93 S. Ct. 1906, 36 L.Ed.2d 393 (1973). Since this claim presents the same issues raised in the petitioner's general charge of incompetent counsel, we remand for further consideration in light of our discussion above. As stated by the Supreme Court in *Tollett*:

> \* \* \* If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal case," McMann v. Richardson, \* \* \*. Counsel's failure \* \* \* properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof. \* \* \*

Tollett v. Henderson, *supra*, 411 U.S. at 266–267, 93 S.Ct. at 1608. (Citation omitted.)

 The final claims passed on by the District Court were that the state court was without jurisdiction to hear the charges brought against the petitioner, and that the petitioner was denied due process in that the state court was not a court of record. Both were denied on the ground that they are frivolous. No error appears therein.

We remand this case for further proceedings consistent with this opinion.