Sherman **CAIN**, Petitioner-Appellant,

v.

**STATE OF MISSOURI,**
Respondent-Appellee.

**No. 75–1455.**

United States Court of Appeals,
Eighth Circuit.

June 26, 1975.

Sherman Cain, Moberly, Mo., for petitioner-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent-appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Appellant was tried and convicted on state narcotics charges in St. Louis Circuit Court, and is presently serving a 10-year sentence at the Missouri Training Center for Men. The conviction was affirmed by the Missouri Court of Appeals, St. Louis Division, in March 1974.

Pursuant to Mo.S.Ct.Rule 27.26, V.A.M.R., appellant brought a motion to vacate his sentence and judgment, which was denied by the St. Louis Circuit Court, without an evidentiary hearing, on June 11, 1974. It appears that appellant attempted to appeal the denial of his Rule 27.26 motion to the Missouri Court of Appeals but was precluded from doing so because his notice of appeal was filed out of time.[1]

On March 21, 1975, appellant filed a petition for habeas corpus in the federal district court, alleging the same grounds as in his Rule 27.26 motion: ineffective assistance of trial counsel, admission of improper evidence, and failure of the state to carry its burden of proof. On March 25, 1975, the district court dismissed the petition, holding that failure to appeal the denial of petitioner's Rule 27.26 motion in the state court constituted a failure to exhaust state remedies as required by Title 28 U.S.C. § 2254.

Thereafter the district court denied a certificate of probable cause and a motion to proceed *in forma pauperis.* The appellant now seeks a certificate of probable cause to file an appeal in this court.

We find that petitioner has no existing available state remedies since he was precluded from appealing the denial of his petition in the state court and under Missouri law he is not entitled to bring another 27.26 motion. Thus, the exhaustion requirement can bar the petitioner from federal relief only if he has deliberately bypassed his state appeal. *Humphrey v. Cady,* 405 U.S. 504, 516, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972); *Fay v. Noia,* 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). This court has held that

> a state prisoner who may have procedurally forfeited his right in the state courts to raise federal constitutional claims does not similarly forfeit his right in federal court, unless he has deliberately and knowingly waived the same.

*Harris v. Brewer,* 434 F.2d 166, 168 (8th Cir. 1970), *cited with approval in, Smith v. Wolff,* 506 F.2d 556, 559 (8th Cir. 1974). Whether a petitioner has deliberately bypassed the state procedure is a federal question to be judged by federal standards. *Smith v. Wolff, supra* at 559; *Harris v. Brewer, supra* at 168.

The district court did not inquire as to whether the petitioner deliberately bypassed the state procedures and thus waived his right to seek federal relief. Nor is the answer to this question apparent from the record. Although petitioner's late appeal in the state court would serve as some indication that he did not intend to waive his appeal, the district court did not resolve this question. In any event, it cannot be conclusively said that the petitioner has failed to exhaust his state remedies.

---

1. Appellant was not represented by counsel during his 27.26 proceeding. On the date it denied the motion, the Circuit Court appointed counsel "to review the action of the Court as per the order in the memorandum of the Court." The record contains no indication of any action taken by appointed counsel.

We find that the district court erred in dismissing the petition without first inquiring into the deliberate bypass question. The certificate of probable cause is granted. The judgment of dismissal is reversed and the case is remanded for further proceedings consistent with this opinion.