577 F.2d 1107
 In the Matter of the Application of Gary James Collins for a
Writ of Habeas Corpus.
Gary James COLLINS, Appellee,
v.
Calvin AUGER, Warden, Iowa Men's Reformatory, Appellant.
 No. 77-1469.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 15, 1978.
Decided May 8, 1978.
 
 Richard C. Turner, Atty. Gen., and Thomas D. McGrane, Asst. Atty. Gen. (argued), Des Moines, Iowa, on brief for appellant.
 Keith E. Uhl (on brief), Scalise, Scism, Gentry, Brick & Brick, Des Moines, Iowa, argued, for appellee.
 Before LAY and ROSS, Circuit Judges, and LARSON,* Senior District Judge.
 LAY, Circuit Judge.
 
 
 1
 Gary James Collins was convicted of assault with intent to commit rape in the Iowa state court; his conviction was affirmed on direct appeal. State v. Collins, 236 N.W.2d 376 (Iowa 1975), cert. denied, 426 U.S. 948, 96 S.Ct. 3166, 49 L.Ed. 1184 (1976). He thereafter sought a writ of habeas corpus in the federal district court, alleging that the admission of a confession in his state trial was in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and resulted in a denial of his constitutional rights under the Fifth, Sixth and Fourteenth Amendments. The district court, the Honorable William C. Stuart presiding, found that admission of the confession did not violate the Miranda rule but was a denial of due process. Collins v. Auger, 428 F.Supp. 1079 (S.D.Iowa 1977). In view of the intervening decision of Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), this court on appeal remanded the cause to the district court to certify its findings as to whether there had been a contemporaneous objection in the state trial court as to the due process issue and, if not, whether petitioner demonstrated "cause" and "prejudice" under the new standards adopted in Sykes, as originally set out in Francis v. Henderson, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). Upon remand the district court vacated its prior order and denied relief. Collins v. Auger, 451 F.Supp. 22 (S.D.Iowa 1977).
 
 
 2
 Prior to his state trial petitioner filed an application for a mental evaluation to determine his competency to stand trial. The application was granted, and petitioner was interviewed a number of times by Dr. Romullo Lara at the Iowa Security Medical Facility at Oakdale. During the course of the interviews, petitioner confessed to Dr. Lara that he had committed the crime for which he was charged.
 
 
 3
 At petitioner's trial the statements made to Dr. Lara were admitted into evidence despite defense counsel's repeated objections on the basis of physician-patient privilege, the hearsay rule, and self-incrimination. In affirming the conviction the Supreme Court of Iowa held that admission of the statements made to Dr. Lara did not violate Collins' rights despite the absence of Miranda warnings prior to the interviews. Justice Rawlings filed a special concurring opinion in which he agreed that no Miranda violation had occurred but indicated that admission of the statements may have been a violation of due process. 236 N.W.2d at 379.
 
 
 4
 Contemporaneous Objection Rule.
 
 
 5
 The State contends that during the proceedings in the state trial court and on direct appeal, defense counsel did not specifically object to admission of the confession on due process grounds. Prior to Francis and Sykes, counsel's failure to object to constitutional error would not preclude habeas corpus relief in federal court unless a knowing, deliberate waiver was shown. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Harris v. Brewer, 434 F.2d 166, 168 (8th Cir. 1970). Only where it could be shown that the failure to make an objection was deliberate, for reasons such as trial strategy, was the defendant held to have waived the objection. Cf. Pope v. Swenson, 395 F.2d 321, 322-23 (8th Cir. 1968). The fact that the state had a procedural forfeiture rule which required a contemporaneous objection before trial errors could be later asserted on collateral attack did not limit a petitioner's right to assert constitutional issues in a federal habeas corpus action. See Harris v. Brewer, supra at 168.
 
 
 6
 In Francis and Sykes, the Supreme Court narrowed the application of the deliberate bypass doctrine, holding that, absent compliance with an applicable state contemporaneous objection rule, a state prisoner could assert alleged trial errors in a federal habeas corpus action only after showing "cause" for not making a contemporaneous objection and "prejudice" from the alleged error. In reaching this conclusion the Court recognized that, under principles of federalism, state procedural forfeiture rules are entitled to greater respect than that granted by the deliberate bypass rule. 433 U.S. at 88-89, 97 S.Ct. 2497.
 
 
 7
 On remand in the present case, the district court found that petitioner had failed to make an adequate contemporaneous objection to the admission of his statements to Dr. Lara and thus was required to establish both cause for his failure to object and prejudice from the erroneous admission. The court found that cause had been shown but concluded that, although admission of the testimony was not harmless error, no prejudice had been established. The district court therefore vacated its prior order and refused to grant the writ of habeas corpus. Collins v. Auger, supra. We now vacate the district court's order and direct that the court conditionally grant a writ of habeas corpus.
 
 
 8
 Although defense counsel did not specifically challenge the admissibility of the confession in the trial court on due process grounds, the fact remains that repeated objections were made at trial to the admission of the statements. The record thus indicates that the trial court, as well as the Supreme Court of Iowa, was alerted to evidentiary and constitutional issues pertaining to the confession's admissibility. As Judge Stuart recognized, since one member of the Supreme Court of Iowa dealt with the due process issue, it must have been brought to the state courts' attention. We conclude that petitioner asserted an adequate contemporaneous objection in the state proceedings.[1]
 
 
 9
 Since we find petitioner made a sufficient objection, he is entitled to review of his constitutional claims on the merits. The district court found that admission of the statements to Dr. Lara violated petitioner's due process rights:
 
 
 10
 (I)t is fundamentally unfair to use defendant's incriminating admissions to a psychiatrist during a psychiatric examination as part of the prosecution's case to establish his guilt. . . .
 
 
 11
 The defendant is entitled to raise his mental condition at the time of the offense as a defense. He is also entitled, under proper circumstances, to an examination to determine his competency to stand trial. Psychiatric examinations are essential to the proof of his mental condition. An indigent must seek a court order authorizing the examination and the payment of its cost. If the giving of a Miranda warning satisfied requirements of the Fifth Amendment and the Fourteenth Amendment and made the defendant's incriminating admissions admissible, the defendant would be placed in a situation where he must sacrifice one Constitutional right to claim another.
 
 
 12
 If a defendant cooperated with the psychiatrist and made a full disclosure of his thinking processes and his background, including incriminating statements and if he failed to establish his lack of mental capacity, he would be faced with these admissions on trial. If a defendant exercised his right to remain silent and refused to cooperate with the psychiatrist the likelihood of a meaningful and reliable examination would be considerably decreased and his opportunity to urge a possible defense thwarted. A defendant should not be compelled to choose between exercising his Fifth Amendment right not to incriminate himself and his due process right to seek out available defenses.
 
 
 13
 Collins v. Auger, 428 F.Supp. 1079, 1082-83 (S.D.Iowa 1977).
 
 
 14
 See also State v. Evans, 104 Ariz. 434, 454 P.2d 976, 978 (1969) (en banc). Cf. Simmons v. United States, 390 U.S. 377, 393-94, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Reifsteck, 535 F.2d 1030, 1034 n. 1 (8th Cir. 1976). We agree with this reasoning and with Judge Stuart's conclusion that the error was not harmless.
 
 
 15
 Cause and Prejudice.
 
 
 16
 Even assuming, however, that petitioner did not properly challenge the admission of the statements and the "cause" and "prejudice" test required by Sykes is properly before us, we find the writ should nonetheless issue.
 
 
 17
 We agree with Judge Stuart's finding that cause for failure to specifically object on due process grounds was established.[2] However, we find that the district court's conclusion that no prejudice had been established was clearly erroneous.
 
 
 18
 The Supreme Court did not define the term prejudice in Sykes. See433 U.S. at 90-91, 97 S.Ct. 2497. Two Justices indicated that prejudice was to be determined under the harmless error test. See 433 U.S. at 97-98, 97 S.Ct. 2497 (White, J., concurring); 433 U.S. at 117, 97 S.Ct. 2497 (Brennan, J., dissenting). Under the harmless error standard, prejudice could be established by showing that it is reasonable to assume the evidence wrongfully admitted influenced the trier of fact in determining the issues of the case. See Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). It is urged by the State that the majority of the Court in Sykes intended the term prejudice to encompass a more rigorous test. One such test is set out in United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and establishes a standard to be applied in determining the materiality of an omission of exculpatory evidence which the prosecution has failed to disclose to defense counsel. The Court found that in order to require a new trial
 
 
 19
 the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.
 
 
 20
 Id. at 112-13, 96 S.Ct. at 2402 (footnote omitted).
 
 
 21
 This view, in contrast to the harmless error test, requires a subjective evaluation of guilt by the appellate court based on the overall record. Id. at 113-14, 96 S.Ct. 2392. Assuming the Supreme Court intended that this standard be applied in determining the existence of prejudice as required by Sykes, we nonetheless find on the basis of the overall state record that prejudice has been established. Applying the Sykes language to the record here, we are unable to conclude that "(t)he other evidence of guilt presented at trial . . . was substantial to a degree that would negate any possibility of actual prejudice resulting . . . from the admission of (the) inculpatory statement." 433 U.S. at 91, 97 S.Ct. at 2509.
 
 
 22
 The record shows the victim was unable to positively identify the petitioner as her assailant; other evidence consisted of a latent fingerprint of petitioner lifted from an unknown location in the victim's home and a footprint found near the victim's home which was not clearly identified as petitioner's but was made by the "same type of shoe."[3] Under the circumstances we hold that, even if application of the cause and prejudice test of Sykes was required in this case, both have been established regardless of whether prejudice is to be defined according to the harmless error standard or a more strict standard. We therefore conclude that the writ of habeas corpus should issue.
 
 
 23
 The trial court's supplementary order denying the writ is vacated; the cause is remanded to the district court. The State of Iowa is entitled to a reasonable time to retry petitioner for the crime charged. Pending retrial by the State, the district court is instructed to stay further proceedings. Upon retrial, the present petition for habeas corpus should be dismissed. If retrial is not granted within a reasonable time, to be determined on remand by the federal district court, the court is directed to grant the petition for a writ of habeas corpus.
 
 
 24
 The judgment is vacated and the cause remanded for further proceedings consistent with this opinion.
 
 
 
 *
 Earl R. Larson, Senior District Judge, District of Minnesota, sitting by designation
 
 
 [1]
 The State of Iowa has conceded in federal district court that the petitioner had exhausted his state remedies on the constitutional issue raised. Federal courts may in interest of justice and expedition accept waiver of exhaustion by the state, Jenkins v. Fitzberger, 440 F.2d 1188, 1189 (4th Cir. 1971), because the doctrine of exhaustion is one of comity
 
 
 [2]
 The district court found that defense counsel's failure to assert an objection based on due process was not a matter of trial strategy, but was the result of counsel's unawareness of the due process violation. The court concluded that "lack of knowledge of the facts or law would be sufficient cause for failure to make the proper objection within the 'cause and prejudice' test of the Francis rule."
 
 
 [3]
 We have on prior occasions recognized the speculative nature of footprint evidence, especially where, as in the present case, no expert testimony clearly establishes a link between the footprint and the shoes worn by the defendant. See McDonnell v. United States, 455 F.2d 91, 94-95 (8th Cir. 1972). See also McClard v. United States, 386 F.2d 495, 506-07 (8th Cir. 1967) (Lay, J., dissenting), cert. denied, 393 U.S. 866, 89 S.Ct. 149, 21 L.Ed.2d 134 (1968)