Daniel Lon **GRAHAM**, Appellant,

v.

Terrell Don **HUTTO**, Commissioner, Arkansas Department of Correction, Appellee.

No. 77–1139.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1977.

Decided June 23, 1977.

Robert F. Fussell, Little Rock, Ark., for appellant.

Jackson M. Jones, Asst. Atty. Gen., Little Rock, Ark., for appellee; Bill Clinton, Atty. Gen., Little Rock, Ark., on brief.

---

Before LAY and ROSS, Circuit Judges, and MILLER, Judge.*

## PER CURIAM.

Petitioner was tried and convicted of kidnapping and sentenced to life imprisonment by an Arkansas state court. He sought a writ of habeas corpus in federal district court alleging, inter alia, that he was denied due process because his court appointed attorney failed to file a notice of appeal with the Arkansas Supreme Court. It appears from the record that the transcript of petitioner's trial has now been lost. After a plenary evidentiary hearing, the federal district court ruled that the petitioner had failed to exhaust his state court remedy on the due process claim. The only issue on appeal is whether this ruling is correct. We reverse and remand to the district court for further consideration.

Rule 36.9 of the Arkansas Rules of Criminal Procedure allows the state supreme court to exercise discretionary jurisdiction to decide an untimely appeal if "good reason" for the omission is shown. However, the Arkansas Supreme Court has recently held that to raise this issue the defendant should file a state post-conviction petition. *Allen v. State,* No. CR 77–57 (Ark., filed Apr. 11, 1977). The record is clear that petitioner has done this and has been denied relief by the state court.

We are satisfied that the petitioner has sufficiently exhausted his state remedies. *See Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). On remand the district court should consider the merits of the issue on the now completed record.