**Michael SHANE, Appellant,**

v.

**STATE OF IOWA, Lou Brewer, Warden, and Richard Turner, Attorney General, Appellees.**

No. 78–1285.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 16, 1978.

Decided Aug. 22, 1978.

W. H. Gilliam, Gottschalk, Patterson & Gilliam, Waterloo, Iowa, for appellant.

Richard C. Turner, Atty. Gen., and Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before LAY, BRIGHT and ROSS, Circuit Judges.

LAY, Circuit Judge.

Michael Shane, an Iowa state prisoner, appeals the dismissal of his petition for a writ of habeas corpus by the federal district court.

Shane was charged with the crime of robbery with aggravation, in violation of Section 711.2 of the Iowa Code. His motion to suppress testimony concerning his pre-trial identification and the introduction into evidence of guns seized during a warrantless search of his motel room was denied by the state court after a hearing. Shane was convicted by a jury, and appealed to the Iowa Supreme Court, raising as the only ground of error admission of the guns into evidence. The Iowa Supreme Court upheld the search and seizure of the guns as incident to a valid arrest and affirmed the conviction. *State v. Shane,* 255 N.W.2d 324 (Iowa 1977). Shane raised both the search and seizure and the pre-trial identification issues as grounds for federal habeas corpus relief. The district court found federal review of the search and seizure issue precluded under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and denied the claim that the pre-trial identification procedures were impermissibly sug-

gestive on the merits. We affirm the denial of the petition. We do not, however, reach the identification issue, since we find the petitioner has failed to exhaust his state remedies as to this claim.

■ Shane did not present the pre-trial identification issue to the Iowa Supreme Court on his direct appeal. In addition the record makes clear that he has not filed an application for post-conviction relief in the state court. In the absence of clear showing that the Iowa Supreme Court will not entertain Shane's due process claim if it is fairly presented, we may not disregard as futile the requirement that Shane exhaust state remedies. *See Eaton v. Wyrick,* 528 F.2d 477 (8th Cir. 1975); *Cage v. Auger,* 514 F.2d 1231 (8th Cir. 1975). *Cf. Graham v. Hutto,* 557 F.2d 164 (8th Cir. 1977).[1]

■ We agree with the district court that Shane fully litigated the search and seizure issue at trial and on direct review. Relitigation of that issue in a federal forum is precluded under the doctrine of *Stone v. Powell, supra.* Contrary to the assertions of Shane's counsel, federal courts do not have discretionary authority in a habeas corpus proceeding to correct a state court's erroneous application of Fourth Amendment principles. *Holmberg v. Parratt,* 548 F.2d 745 (8th Cir.), *cert. denied,* 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977); *Gates v. Henderson,* 568 F.2d 830 (2d Cir. 1977) (en banc), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978); *Mack v. Cupp,* 564 F.2d 898 (9th Cir. 1977). When it is clear that a state prisoner has been provided an opportunity for full and fair litigation of a Fourth Amendment claim in the state courts, he "may not be granted feder-

---

1. The Iowa Post Conviction Procedure Act prohibits an application for relief based upon a ground not raised on appeal, unless the court finds "sufficient reason" for the failure to raise it or to raise it adequately. Iowa Code § 663A.8 (1975). Although the Iowa Supreme Court has construed the Act strictly in order to prevent its use as a substitute for appeal, *Snyder v. State,* 262 N.W.2d 574, 578 (Iowa 1978), it has found sufficient reason in the past for failure to raise an issue on direct appeal. *See, e. g., State v. Boge,* 252 N.W.2d 411 (Iowa 1977); *Zacek v. Brewer,* 241 N.W.2d 41 (Iowa 1976). Federal relief will not, of course, be precluded if the Iowa Supreme Court should decide that their review of the identification procedures issue is procedurally barred by Shane's failure to raise it on direct appeal. *Harris v. Brewer,* 434 F.2d 166 (8th Cir. 1970). Such a decision would be relevant, however, to the federal question of whether Shane has deliberately bypassed state procedures. *Cain v. State of Missouri,* 518 F.2d 1180 (8th Cir. 1975).

al habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell, supra,* 428 U.S. at 494, 96 S.Ct. at 3052. We find that Shane had a full and fair opportunity to litigate his claim and therefore do not reach its merits.

The district court's judgment of dismissal is affirmed.