Mary SCHARNHORST, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT # 710, Appellee.

No. 81–2331.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 17, 1982.

Decided Aug. 20, 1982.

Rehearing Denied Oct. 14, 1982.

Marylea Scharnhorst, pro se.

Scott C. Neff, Virginia, Minn., for appellee.

Before BRIGHT, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Marylea Scharnhorst, *pro se*, appeals from a decision entered on October 26, 1981, in the District Court[1] for the District of Minnesota dismissing, with prejudice, her action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging unlawful discrimination on the basis of sex, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, alleging unlawful discrimination on the basis of age. On appeal Scharnhorst argues that the trial court erred (1) in failing to decide her claim for tenure, pursuant to the provisions of the Teachers' Tenure Act, Minn.Stat. § 125.12, and for back wages; (2) in failing to consider her claim that she was discriminated against on the basis of age; (3) in failing to provide her with a jury trial; (4) in failing to subpoena one of her witnesses for trial; and (5) in failing to provide her with an attorney. For the reasons discussed below, we affirm.

Scharnhorst commenced this action by filing a charge with the Minnesota Department of Human Rights (Department) on September 8, 1976, alleging that the defendant, Independent School District # 710 of Minnesota (ISD), discriminated against her on the basis of sex and age. The Department dismissed Scharnhorst's claim on May 14, 1980, after entering a determination of no probable cause. Scharnhorst's claim was then considered by the Equal Employment Opportunity Commission (EEOC) which also entered a finding of no probable cause to believe that appellant's allegations were true, and on July 24, 1980, issued a right to sue letter.

---

1. The Honorable Patrick J. McNulty, United States Magistrate for the District of Minnesota. The case was tried by the magistrate with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Scharnhorst then brought suit in the district court alleging, in addition to sex and age discrimination, unlawful discrimination on the basis of religion, national origin, marital status and unlawful reprisal discrimination.[2] She sought, *inter alia*, lost wages, compensation for lost health and retirement benefits, and attorney's fees. The case was tried by consent before a United States Magistrate pursuant to the provisions of 28 U.S.C. § 636(c) following the magistrate's denial of cross-motions for summary judgment. The following facts were taken from the magistrate's memorandum opinion.

Scharnhorst was originally hired as a Title I elementary school teacher for the 1972–1973 school year by the St. Louis County, Minnesota, Schools. The St. Louis County Schools were reorganized into Independent School District No. 710 in 1975. At the time she was hired, Scharnhorst was approaching her 40th birthday. A Title I teacher is employed in a role supplemental to that of a classroom teacher and is engaged in primarily tutorial services for students experiencing difficulties in basic skills. Title I is a federally funded education program; the amount which a school district will receive to defray the costs of the program depends upon the amount allocated to the State of Minnesota by annual appropriation of the federal government. Title I teachers, therefore, are customarily employed by the ISD for only the school year for which the funding is obtained. Title I teachers are employed on either a full-time or part-time basis. If part-time, the Title I teacher is paid at an hourly rate; if full-time, a Title I teacher is given a written contract and compensated on an annual salary basis.

During the 1972–1973 school year, Scharnhorst was employed at the Buyck Elementary School on a part-time assignment. In March, 1973, Scharnhorst, along with all other Title I teachers, was notified that, because of the uncertainty of funding, she could not be assured of a teaching position with ISD for the following school year, but that when federal funds became available she would be considered. The necessary federal funding was allocated to ISD early in the fall of 1973, and Scharnhorst was offered, and accepted, employment in the Brookston School for the 1973–1974 school year. In March of 1974, Scharnhorst again received notification that she could not be assured of employment for the following school year. The necessary funding was later received, and Scharnhorst was employed at the Cook and Orr Elementary Schools, on a split time schedule, for the 1974–1975 school year. In March of 1975, Scharnhorst was again notified of the uncertainty of employment for the 1975–1976 school year. In the fall of 1975, after funding was assured, Scharnhorst was offered a Title I teaching position for the school year, but declined re-employment in that position apparently because she felt she was entitled to classroom assignment. Scharnhorst had instituted a lawsuit in the Minnesota state courts, in part, as an effort to force the school district to give her a classroom assignment.

At trial Scharnhorst testified in her own behalf and established her teaching credentials and the history of her employment with ISD. She predicated her allegations of discrimination on two instances where a male and a younger female had obtained classroom positions.

Applying the guidelines of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the trial court found that Scharnhorst had established a prima facie case of unlawful discrimination and thus required ISD to articulate a legitimate, non-discriminatory reason for denying her a classroom teaching assignment.

---

2. The magistrate dismissed appellant's claims premised upon unlawful discrimination on the basis of religion, national origin, marital status and reprisals for lack of subject matter jurisdiction as these claims had not been raised before the EEOC. These claims were, however, examined simply to assure appellant that the merits of all her allegations had been aired. Scharnhorst does not challenge the dismissal of these claims on appeal.

■ In response, ISD produced evidence[3] which showed, as summarized by the trial court, that Scharnhorst was "a disruptive, rather than a contributive, factor in the education and administrative functions of the school system." In light of this evidence the trial court found that Scharnhorst was not considered for permanent employment as a classroom teacher by ISD because of her "unwillingness or inability to observe the rules and regulations of the school district, her failure to work harmoniously with teachers and administrators and her failure to submit documentation essential to her employment."[4] Further, the trial court found that ISD's general employment practices had "been free from unlawful age or sex discrimination. The evidence that [Scharnhorst's] treatment was not colored by unlawful discrimination is overwhelming." We have carefully reviewed the record on appeal and cannot say that these findings are clearly erroneous. Fed.R.Civ.P. 52(a).

■ Scharnhorst first argues that the trial court should have decided her claims for tenure and back wages. We note that these claims were, at the time of this litigation, the subject of an action pending in the Minnesota state courts (File No. 137480). Thus, no error can be claimed because the trial court here failed to decide those claims.

Scharnhorst next argues that the trial court failed to consider her claim of unlawful age discrimination. The guidelines articulated in *McDonnell Douglas v. Green* for establishing a prima facie case of unlawful racial discrimination have also been applied to age discrimination actions. *See, e.g., Moses v. Falstaff Brewing Corp.*, 550 F.2d 1113, 1114 (8th Cir. 1977) (per curiam); *Wilson v. Sealtest Foods Division*, 501 F.2d 84, 86 (5th Cir. 1974). Tailoring these guidelines to fit the present case, the trial court held that Scharnhorst was required to show: (1) that she was a member of a protected class, (2) that she was capable of performing a specific job, and (3) that she was denied the job. The trial court then determined that as a "43 year old female"[5] Scharnhorst was a member of a protected class, that she was capable of performing the functions of a classroom teacher, and that she had been denied this position. On the basis of this evidence, the trial court held Scharnhorst had established a prima facie case.

■ It appears that the trial court did consider, perhaps in a summary fashion, the age discrimination claim.[6] The trial court's

---

3. Briefly, the evidence adduced on behalf of the school district established that:

(1) During the 1973–1974 school year while Scharnhorst was assigned to Brookston School, she did not adhere to an established routine for students she was assigned to tutor, thus disrupting their regular classroom schedules. Scharnhorst often delved into personal, religious and family matters with her students which caused some tension between herself and parents. Scharnhorst retained students after regular classroom hours, which, in a rural setting, created transportation problems.

(2) During the 1974–1975 school year while Scharnhorst was assigned to Cook and Orr Elementary Schools, the problems noted above persisted. In addition, Scharnhorst refused to acknowledge the supervisory role of the school principal, refused to adhere to oral instructions and commenced locking the door to her classroom.

(3) The number of hours which Scharnhorst taught during the 1974–1975 school year were sufficient to qualify her for a contract and a yearly salary computed on the basis used to compensate regular classroom teachers; however, she refused to submit the necessary documents to enable the district to compute her salary on this basis, claiming that the documents had been supplied once and if defendant had misplaced them it was their own fault.

4. ISD requested from Scharnhorst a formal application, a birth certificate and a teacher's certificate. ISD concedes in its brief that Scharnhorst could have submitted these documents and they could have misplaced them. ISD claims that it has no knowledge of ever receiving the documents.

5. The Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, extends protection to those individuals between the ages of 40 to 70. 29 U.S.C. § 631(a).

6. This inference is also supported by the fact that the trial court's opinion refers to the practices challenged here as being free from unlawful "age or sex discrimination."

finding that Scharnhorst was a member of a protected class was based on its "lumping together" the age and sex claims. In light of the fact that ISD's articulated reason for denying Scharnhorst the classroom assignment actually rebutted both these claims, any error claimed here would be harmless.

■ Scharnhorst next argues that the trial court erroneously failed to inquire whether she wanted a jury trial in this matter. Although there is no right to a jury trial in a suit brought under Title VII, *see, e.g., Harmon v. May Broadcasting Co.,* 583 F.2d 410 (8th Cir. 1978) (per curiam); *Slack v. Havens,* 522 F.2d 1091, 1094 (9th Cir. 1975), the Age Discrimination in Employment Act was amended in 1978 and now specifically provides that an individual is entitled to a jury trial on claims brought under that statute. *See* 29 U.S.C. § 626(c)(2). *See also Lorillard v. Pons,* 434 U.S. 575, 583, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978). Here, Scharnhorst made no demand for a jury trial when she filed her *pro se* complaint and thus waived her right to have the age claim presented to a jury. Fed.R.Civ.P. 38(d). "Waiver by failure to make a timely demand is complete even though it was inadvertent, unintended and regardless of the explanation or excuse." *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321, at 102 (1971); *McCray v. Burrell,* 516 F.2d 357, 371 (4th Cir. 1975), *cert. dismissed,* 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976); *Todd v. Lutz,* 64 F.R.D. 150, 151–52 (W.D.Pa.1974).

■ Scharnhorst's contention that she was not allowed to subpoena witnesses is not clearly developed in her brief. It appears that her claim is centered upon the trial court's failure to subpoena her sister, who apparently works for ISD, to appear as her witness on the second day of trial. Scharnhorst suggests in her brief that the trial court told her "it was too costly to subpoena" this witness. However, ISD states in its brief that Scharnhorst's sister was present the first day of trial, that Scharnhorst was asked if she wanted to have her sister testify the second day of trial, and that Scharnhorst declined, stating her sister's testimony was unnecessary in light of the testimony given at trial by Mr. Niemi, the supervisor of ISD. On the basis of the record before us, we find no merit to the allegation of error.

■ Scharnhorst next argues that the trial court erred in failing to appoint her an attorney. The record indicates that the trial court did appoint counsel to represent Scharnhorst in this action on February 6, 1981. By letter dated May 4, 1981, the trial court revoked its order appointing counsel. There is no information in the record regarding the reason Scharnhorst was not represented by counsel at trial. Scharnhorst states in her brief that the "court made several attempts to find her an attorney and that at least one of these attorneys honestly had a conflict of interest." There is no indication in her brief that she requested the trial court to appoint other counsel for her but was refused. We note that the trial court was aware of Scharnhorst's *pro se* status, assisted her in the preparation and presentation of her case, and gave careful and complete consideration to her evidence. Appellant's prima facie case was totally rebutted by the district's evidence. We find no merit in appellant's argument.

Accordingly, the judgment is affirmed.