**Mary Kathleen COLE, Appellant,**

v.

**Susan HUNTER, Warden, Women's Reformatory, Rockwell City, Iowa; Attorney General, State of Iowa, Appellees.**

**No. 83–1127.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1983.

Decided Feb. 7, 1984.

Kent A. Simmons, Davenport, Iowa, for appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Mary Kathleen Cole appeals from a final judgment entered in the District Court[1] for the Southern District of Iowa denying her petition for writ of habeas corpus. For the reasons discussed below, we affirm the judgment of the district court. *Cole v. Hunter*, No. 81–164–B (S.D.Iowa Dec. 28, 1982) (order denying petition).

Appellant was found guilty in a jury-waived trial of first-degree murder for killing her ex-husband on September 15, 1977. The fact that appellant shot and killed her ex-husband was not disputed; appellant's theory of defense was diminished capacity. At the time of the shooting appellant had been seeing a psychiatrist, Dr. Michael Taylor. Immediately after the shooting and pursuant to a state court order, appellant was hospitalized and examined by Dr. Taylor. Dr. Taylor ended his examination of appellant on September 30, 1977, and was replaced by another doctor. Over defense objections, Dr. Taylor testified at trial in the state's case in chief that, in his opinion, appellant was capable of forming specific intent, thus countering the defense of diminished capacity. Defense cross-examination of Dr. Taylor was somewhat limited because Dr. Taylor refused to answer questions about appellant's treatment after the shooting unless appellant waived the physician-patient privilege. The state trial court had determined that Dr. Taylor's examination of appellant after the shooting was not covered by the physician-patient privilege. Defense motions to strike Dr. Taylor's testimony were denied.

Legal questions surrounding Dr. Taylor's testimony were raised on appeal. The Iowa Supreme Court affirmed the conviction and held that the physician-patient privilege did not arise where on order of the court a defendant is examined to determine his or her mental or physical condition for the benefit of the court and not for the purpose of treatment. *State v. Cole*, 295 N.W.2d 29, 33, 36 (Iowa 1980) (banc). The court also noted in dicta that, assuming the physician-patient privilege had existed under the cir-

---

1. The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

cumstances presented, reliance upon the defense of diminished capacity would have waived the privilege "for the simple reason it would be incongruous to allow a party to put a matter in issue and then deny access of an opposing party to relevant information concerning it." *Id.* at 35, *citing* 8 J. Wigmore, Evidence in Trials at Common Law § 2380, at 855 (McNaughton rev. 1961). The court further noted that

[t]he waiver issue in this case is limited to the *statutory* doctor-patient privilege .... We have not addressed the possible constitutional implications in a forced disclosure of doctor-patient communications, which have not been raised. Issues of constitutional proportion might arise, for example, if a patient's record, including details of the current or prior crimes, is sought to be used by the prosecution in its case in chief. We have said that a seemingly disinterested third party cannot elicit information from a defendant without affording him [or her] the same protection as if the interrogation had been by the police themselves. A defendant's fifth amendment rights would obviously be involved. And if a defense attorney seeks an independent psychiatric evaluation in order to decide whether or not to assert an insanity or diminished capacity defense he [or she] might be faced with prosecutorial intervention in that process and the resulting issue of effective assistance of counsel under the sixth amendment. We point out these constitutional issues to contrast them to the statutory privilege with which we are dealing in this case and to establish parameters of the waiver rule announced herein. The constitutional issues must remain to be resolved as they arise.

295 N.W.2d at 36 (emphasis in original, citations omitted). Because Dr. Taylor's court-ordered examination was not covered by the statutory physician-patient privilege, the court also held that there was no conflict between appellant's sixth amendment right to confrontation and cross-examination and the statutory privilege. *Id.* at 38.

Appellant then filed the present petition for writ of habeas corpus in federal district court in April 1981. Appellant alleged that the state trial court's denial of the physician-patient privilege and the limited cross-examination of Dr. Taylor violated her sixth amendment right of confrontation. The district court decided that appellant's real argument was that the state trial court's forcing her to waive the statutory physician-patient privilege or forego adequate cross-examination of a witness against her violated due process. *Cole v. Hunter,* No. 81–164–B, slip op. at 18. The district court found no violation of the sixth amendment right to confrontation or due process and denied the petition. *Id.* at 18–22.

On appeal appellant argues that the admission of Dr. Taylor's testimony about her mental state at the time of the shooting violated her fifth amendment privilege against self-incrimination, citing *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), and the limitation of cross-examination of Dr. Taylor violated her sixth amendment right to confrontation and due process. We affirm the denial of the petition. We do not, however, reach the merits of the fifth amendment claim.

■ First, the fifth amendment claim was not presented to the district court. As a general rule we will not consider on appeal an issue not raised in the district court. *E.g., Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Randall v. Wyrick,* 642 F.2d 304, 307 (8th Cir.1981) (per curiam). In addition, appellant has not presented the fifth amendment claim to the state courts and thus has failed to exhaust available state remedies. Appellant did not raise the fifth amendment claim on direct appeal to the Iowa Supreme Court, *see* 295 N.W.2d at 36, and has not filed an application for post-conviction relief on this claim in the state court. Although post-conviction relief may not be used as a substitute for direct appeal, the state supreme court has permitted an application for post-conviction relief based on a ground not raised on appeal if it finds "sufficient reason" for the failure. *See Shane*

v. *Iowa,* 581 F.2d 727, 728 n. 2 (8th Cir. 1978), *citing State v. Boge,* 252 N.W.2d 411 (Iowa 1977), *and Zacek v. Brewer,* 241 N.W.2d 41 (Iowa 1976). Here, the principal authority cited by appellant, *Estelle v. Smith,* was not decided by the Supreme Court until May 1981, almost a year after the state supreme court affirmed appellant's conviction on direct appeal in July 1980. In the absence of a clear showing on the record that the state supreme court will refuse to entertain appellant's fifth amendment claim if properly presented, we will not consider compliance with the exhaustion requirement to be futile. *See, e.g., Shane v. Iowa,* 581 F.2d at 728. We are aware of the substantial difficulties that appellant faces on the merits. *See, e.g., Battie v. Estelle,* 655 F.2d 692, 701–02 (5th Cir.1981) (applying *Estelle v. Smith* retroactively, noting that defense introduction of psychiatric testimony to raise a mental defense waives the defendant's fifth amendment privilege, citing *United States v. Cohen,* 530 F.2d 43, 47–48 (5th Cir.), *cert. denied,* 429 U.S. 855, 97 S.Ct. 149, 50 L.Ed.2d 130 (1976)); *accord Booker v. Washington,* 703 F.2d 1251, 1257 (5th Cir. 1983); *see also Jenkins v. Anderson,* 447 U.S. 231, 238, 100 S.Ct. 2124, 2129, 65 L.Ed.2d 86 (1980). However, the issue should be presented to the state courts first.

As noted above, the fifth amendment claim was not raised in the district court. Therefore, the petition did not contain exhausted and unexhausted claims and was properly considered by the district court. *See Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

Appellant did exhaust available state remedies with respect to her sixth amendment right to confrontation claim. *State v. Cole,* 295 N.W.2d at 38. We agree with the district court that the limited cross-examination of Dr. Taylor did not violate the sixth amendment right of confrontation or due process. At trial Dr. Taylor refused to answer defense cross-examination questions unless appellant waived her physician-patient privilege. The state trial court had earlier ruled that Dr. Taylor's post-arrest examination of appellant pursuant to court order was not covered by the statutory physician-patient privilege, a ruling subsequently affirmed on appeal. *Id.* at 33. *But see id.* at 41–42 (Harris, J., dissenting) (holding that statutory privilege did arise and was not waived by defense of diminished capacity). Thus, in light of the ruling by the state trial court, appellant was not forced to choose between her physician-patient privilege and adequate cross-examination because assertion of the privilege was not an available option. *Id.* at 38.

Accordingly, the judgment of the district court denying the petition for writ of habeas corpus is affirmed. Our decision is without prejudice to appellant's presentation of her fifth amendment claim in federal district court following the exhaustion of state remedies.