Harry W. SPEAR, Appellant,

v.

DAYTON'S, Appellee.

No. 85-5041.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 6, 1985.

Decided Aug. 28, 1985.

Rehearing Denied Oct. 2, 1985.

Harry W. Spear, pro se.

Martin L. Garden, Minneapolis, Minn., for appellee.

Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Harry W. Spear appeals pro se from the district court's judgment in favor of the defendant on his claim of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (1984). For reversal, Spear claims that (1) the district court erred when it found insufficient evidence of age discrimination; (2) the district court erred when it refused to grant him a jury trial; and (3) defendant Dayton's intentionally or negligently inflicted emotional distress upon the appellant when it unjustly refused him full-time job status.[1] We affirm.

---

1. Spear also argues that the lower court erred when it did not consider his claim of "health discrimination." The Magistrate considered the alleged denial of health insurance as part of the employment discrimination claim. Because no separate cause of action exists for health discrimination, Spear's claim seems most properly characterized as evidence of, and injury resulting from, Dayton's failure to provide Spear full-time employment. As such this claim need not

Defendant Dayton's employed Spear as a part-time shoe salesman until he resigned in August 1980. Spear claims that his resignation constituted a constructive discharge because his hours were drastically reduced. He contends that Dayton's reduced his hours because the store's management considered him too old for the job and already had hired a younger person to assume his duties. Spear also claims that Dayton's refused him full-time employment because of his age.

Spear filed age and sex discrimination charges against Dayton's with the Minnesota Department of Human Rights and the Equal Employment Opportunity Commission (EEOC). Both agencies ruled against Spear and the EEOC issued his right to sue notice. On September 15, 1982, Spear filed this action in the United States District Court for the District of Minnesota alleging age and sex discrimination and defamation. The district court[2] granted defendant's motion for summary judgment and Spear appealed. This court reversed and remanded the age discrimination claim only. *Spear v. Dayton's*, 733 F.2d 554 (1984).

The case was tried without a jury before United States Magistrate Patrick J. McNulty pursuant to 28 U.S.C. § 636(c) (1982). The court entered judgment for the defendant on February 6, 1985, finding that Spear had failed to prove by a preponderance of the evidence that he was the victim of illegal age discrimination by the defendant. Spear appeals.

## I. BACKGROUND.

The magistrate made detailed findings of fact which are briefly set out as follows. Appellant Spear was hired by Dayton's in August 1977 as a part-time shoe salesman on a commission basis. He resigned on August 20, 1980 after his hours were reduced significantly and he did not receive adequate assurance that his hours would increase in the future. Appellant was for-

ty-four years old at the time. During the first thirty-three weeks of 1980, appellant averaged over twenty-nine hours per week. He was assigned only four hours the week prior to his resignation. Spear complained to the personnel manager about the reduction of his hours. He testified that during this conversation the personnel manager remarked that he was getting too old for the job. The personnel manager denied making any reference to Spear's age. The magistrate specifically found the personnel manager more credible and concluded that she did not make any statement regarding Spear's age.

Spear also contended that Dayton's had hired a younger person to assume his duties. The magistrate found that a younger sales coordinator had been hired, but that the position was primarily administrative and the coordinator's activities did not cause a reduction of hours for part-time personnel.

Spear contended that he had requested full-time employment from Dayton's, but never received an offer. The magistrate found the evidence uncontroverted that Spear had the same opportunity to apply for full-time positions as everyone else but did not do so. We turn to the issues presented on appeal.

## II. DISCUSSION.

### A. ADEA Claim.

The ADEA prohibits employment discrimination based upon age. Its protection extends to individuals between the ages of forty and seventy. 29 U.S.C. § 631(a) (1982). The three-part allocation of the burden of production applicable to Title VII cases is applicable in ADEA cases. *Halsell v. Kimberly-Clark Corp.*, 683 F.2d 285, 289 (8th Cir.1982), *cert. denied*, 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983).

In order to establish a prima facie case in an ADEA case, a plaintiff need only prove

---

be considered separately from Spear's ADEA claim.

**2.** The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

that he falls within the protected class, and that he was doing his job well enough to rule out the possibility that he was fired, constructively discharged, or suffered other adverse employment consequences, because of inadequate job performance. *Crimm v. Missouri Pacific R.R.*, 750 F.2d 703, 711 (8th Cir.1984). After the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to show that its action was not disparate or to articulate a legitimate, nondiscriminatory reason for its action. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254–55, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981); *Crimm*, 750 F.2d at 712. The plaintiff then has the opportunity to show that the articulated reason is merely a pretext. *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 716 n. 5, 103 S.Ct. 1478, 1482 n. 5, 75 L.Ed.2d 403 (1983). After all the evidence is presented, all presumptions drop from the case and the trier of fact evaluates the evidence as in any other civil litigation. *Id.* at 715–16, 103 S.Ct. at 1482–83. The plaintiff must prove by a preponderance of the evidence that he was intentionally treated less favorably because of his age. *See Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095.

In the present case, the magistrate evaluated the evidence within the framework set out above. He found that Spear had established a prima facie case of age discrimination. The court then heard defendant's evidence of legitimate reasons for its actions and the plaintiff was allowed to demonstrate that the proferred reasons were pretextual. The court then considered all the evidence and found that the plaintiff had failed to prove that any of the defendant's actions were motivated by age. Accordingly, judgment was entered in favor of defendant Dayton's.

Spear appears to argue that he did prove age discrimination and that the magistrate's findings were erroneous. Specifically, he continues to assert that the personnel manager told him that he was too old for the job, despite the magistrate's finding to the contrary. Spear also contends that the court erred when it found

that he did not apply for full-time employment. He asserts that the court should have inferred an application from his verbal request for health insurance because only full-time employees are eligible for health benefits.

■ This court can only set aside findings of fact if they are clearly erroneous. Fed.R.Civ.P. 52(a); *Pullman-Standard v. Swint*, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982); *Bell v. Bolger*, 708 F.2d 1312, 1319 (8th Cir.1983). A review of the transcript has revealed no error on the magistrate's part. The magistrate explicitly considered the credibility of Spear and the personnel manager and found her testimony to be more credible. He specifically found that she made no statements about Spear's age at any time. Spear has not presented any evidence, other than his own allegations, that this finding was erroneous.

■ Similarly, the magistrate's failure to infer an application for a full-time job from a verbal request for health insurance is not error. Dayton's presented uncontroverted evidence that Spear did not make a formal application for a full-time position, even though he was given the same opportunity to do so as everyone else. At no time has Spear advanced any reasons why he should be allowed to apply for full-time positions differently than everyone else. Accordingly, the magistrate's finding was not erroneous.

To summarize, Spear has made no showing that the magistrate's findings were clearly erroneous. The magistrate also applied the appropriate legal standards to his findings. Accordingly, we affirm the district court's judgment pursuant to 8th Cir.R. 14.

**B. Jury Trial.**

■ Spear contends that the magistrate erred when he refused Spear a jury trial. Spear claims that he first requested a jury trial when he filed his complaint with the EEOC and that the EEOC claim was at-

tached to and incorporated with his initial pleadings in the district court. He also states that he asked the magistrate for a jury trial four times and was refused on each occasion.

The ADEA provides that an individual is entitled to a jury trial, *see* 29 U.S.C. § 626(c)(2) (1982), but he must request one "no later than ten days after the service of the last pleading directed to [any triable] issue." Fed.R.Civ.P. 38(b). Failure to make a timely demand constitutes a waiver of the right to jury trial. Fed.R.Civ.P. 38(d). The court in its discretion may excuse the waiver, but failure to do so is only subject to the abuse of discretion standard of review. *See Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir.), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980).

A review of the record has revealed no request for a jury trial in Spear's original petition to the district court or in the documents attached thereto. Spear's objections to the magistrate's report recommending that counsel not be appointed, contains a postscript saying that a "motion for a trial would be appreciated." Read liberally, this statement could constitute a request for a jury trial. This letter, however, was not filed until November 17, 1982. Dayton's filed its last responsive pleading, an amended answer, on October 10, 1982. Even if Spear's notation is construed as a request for a jury trial, it was not filed within the ten-day limitation of Rule 38(b). Nothing else that could be construed as a request for a jury trial appears in the record until the day of the trial, at which time Spear verbally requested a jury trial. Spear has made no showing that the court's refusal to excuse his untimeliness was an abuse of discretion. Moreover, this circuit has not afforded pro se litigants any special leniency under Rule 38. *See Scharnhorst v. Independent School District No. 710*, 686 F.2d 637, 641 (8th Cir.1982), *cert. denied*, 462 U.S. 1109, 103 S.Ct. 2459, 77 L.Ed.2d 1337 (1983).

**C. New Claims Raised on Appeal.**

 Spear claims that Dayton's intentionally or negligently inflicted emotional distress upon him and his family. These claims have not been presented to the district court and, consequently, this court need not consider them. *See, e.g., Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Cole v. Hunter*, 726 F.2d 434, 436 (8th Cir.1984).

Accordingly, we affirm.