JOHN R. GIBSON, Circuit Judge,
dissenting from denial of rehearing en banc, joined by Judges Ross, Fagg and Bowman, Circuit Judges.
Five participating judges vote to grant rehearing en banc in this case and four vote to deny. The majority does not prevail, however, as 28 U.S.C. § 46(c) permits rehearing en banc only when “ordered by a majority of the circuit judges who are in regular active service.” With the court now at its full strength of ten judges in regular active service, a vote of six is required for en banc consideration.
The failure to consider this case en banc is particularly regrettable. The court has altered the relationship between debtor and creditor, invading serious policy issues properly the concern of Congress, and in doing so has substituted its own findings of fact for those made by the bankruptcy and district courts. I need not further belabor the arguments in my original dissent.
The court holds that experience, knowledge, and labor is the equivalent of capital. Ahlers v. Norwest Bank Worthington, 794 F.2d 388, 392, 403-04. This is directly contrary to the Supreme Court’s decision in Case v. Los Angeles Lumber Products Co., 308 Ú.S. 106, 60 S.Ct. 1, 84 L.Ed. 110 (1939). Furthermore, this issue was not raised in either the bankruptcy court or the district court, and the parties did not discuss this issue on appeal. The issue first appeared, suddenly and without warning, in the panel opinion and was not addressed by counsel until filing the motion for rehearing en banc.
This court has long recognized the principle that we will not consider, nor reverse on, an issue not presented to the court below. Spear v. Dayton’s, 771 F.2d 1140, 1144 (8th Cir.1985); Larsen v. Erickson, 549 F.2d 1136, 1139 (8th Cir.1977); Cato v. *416 Collins, 539 F.2d 656, 662 (8th Cir.1976); Morrow v. Greyhound Lines, Inc., 541 F.2d 713, 724 (8th Cir.1976); Hunt v. Pan American Energy, Inc., 540 F.2d 894, 899 (8th Cir.1976), cert. denied, 429 U.S. 1062, 97 S.Ct. 786, 50 L.Ed.2d 778 (1977). Reluctance to depart from this principle was expressed in Parker v. Corrothers, 750 F.2d 653, 658 (8th Cir.1984), but the issue was considered because, unlike the present case, both parties at oral argument and the government in its brief addressed the question on appeal. As Justice Blackmun stated in Singleton v. Wulff, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976), “injustice was more likely to be caused than avoided by deciding the issue without petitioners having had an opportunity to be heard.” To depart from this fundamental restraining principle without briefing and argument of counsel, and to reach a conclusion in conflict with Supreme Court authority on an issue presenting serious national policy considerations, is simply a usurpation of appellate judicial authority. Now the court refuses the opportunity to rehear and correct this excess by the slimmest of margins.
Certainly, in some future case, there may be sufficient votes to enable this court to revisit the issue. This case, however, can now be resolved only in the Supreme Court. We are left to hope that, upon proper petition, it will grant certiorari.