834 F.2d 709
 Dennis P. GLICK, Appellant,
v.
Woodson D. WALKER, Chairman; A.L. Lockhart, Director;
Larry Norris, Warden, Tucker Max. Sec. Unit; K.
Howell, Records Supervisor, Tucker Max.
Sec. Unit, Appellees.
 No. 87-2054.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 27, 1987.
Decided Dec. 4, 1987.
 
 Dennis P. Glick, pro se.
 Lee Taylor Franke, Asst. Atty. Gen., Little Rock, Ark., for appellees.
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis P. Glick, an inmate at the Arkansas Department of Correction (Department), appeals pro se from the District Court's[1] order granting summary judgment for appellees in this section 1983 action. We affirm.
 
 I. BACKGROUND
 
 2
 The essential facts are undisputed. From July through October 1984, Glick received six major disciplinaries and as a result, served a total of eighty-two days in punitive isolation. Subsequently, the Department's Compliance Attorney ruled that an ineligible committee member had been allowed to sit on the major Disciplinary Committee during the months of May through November 1984. This ruling was based on a Department policy, printed in the Inmate's Handbook, requiring all Committee members to have been employed for at least six months in the Department dealing firsthand with inmates. As a result, Director Lockhart instructed Warden Norris to note all disciplinaries heard by the ineligible committee member and take the appropriate reversal action. Norris advised Kay Howell, the records supervisor, of this directive, and reversals were entered in all of the affected disciplinaries. On May 27, 1986, Glick was informed that the above-mentioned six disciplinaries were reversed. However, because he since had received another major disciplinary, his institutional classification and good-time credits were not affected.
 
 
 3
 Glick claims in the present action against Lockhart, Norris, Howell, and Woodson Walker, Chairman of the Arkansas Board of Correction, that he was denied due process because an ineligible member sat on his disciplinary committee, and because he was not properly reclassified or credited with lost good-time when the disciplinaries were reversed. He also alleges that Howell incorrectly classified him. He seeks compensation for the eighty-two days spent in punitive isolation and declaratory and injunctive relief.
 
 
 4
 The District Court granted summary judgment for appellees based on its conclusions that (1) the facts established that noncompliance with the six-month eligibility policy was unintentional, and, accordingly, no constitutional violation of inmates' rights was involved, (2) assuming the six-month eligibility policy created a liberty interest, the appellees' violation of this interest was de minimis, and (3) any mistake in classifying Glick pursuant to state law did not amount to a constitutional violation.
 
 
 5
 On appeal, Glick reasserts his due process claims and also asserts for the first time that the conditions of his punitive confinement violated the Eighth Amendment.II. DISCUSSION
 
 
 6
 We do not believe that the Department's six-month eligibility policy creates a liberty interest. Moreover, even if a liberty interest were found, the District Court correctly concluded that appellees' lack of intent to deprive Glick of any interest defeated his section 1983 action. "[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty, or property." Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); accord Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).
 
 
 7
 Glick's claim that appellee Howell deprived him of due process by refusing to restore his prison classification and good-time credit after the reversals is also without merit. Howell could not restore Glick to his original status because Glick had received a major disciplinary separate and subsequent to the reversals. In any event, a failure on Howell's part to properly classify Glick pursuant to state law would not constitute a constitutional violation. See Johnson v. Clinton, 763 F.2d 326, 327 (8th Cir.1985).
 
 
 8
 As the District Court noted, Glick did spend eighty-two days in punitive isolation based on subsequently-reversed disciplinaries. However, for the reasons discussed above, Glick's claims for relief under section 1983 are without merit.
 
 
 9
 Glick argues for the first time on appeal that the deprivation of a mattress during the day, of personal property, and of general correspondence while in punitive isolation constituted cruel and unusual punishment for which he is entitled to compensation. The general rule is that federal appellate courts will not consider issues not raised below. Cole v. Hunter, 726 F.2d 434, 436 (8th Cir.1984); Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985). An exception to this rule is "where injustice might otherwise result." Ryder v. Morris, 752 F.2d at 332. This is not a case where the exception would apply. The prison policies challenged by Glick have been upheld as constitutional. See Little v. Norris, 787 F.2d 1241, 1243-44 (8th Cir.1986); Finney v. Hutto, 410 F.Supp. 251, 277-78 (E.D.Ark.1976), aff'd on other grounds, 548 F.2d 740 (8th Cir.1977) (issues concerning deprivation of mattresses, personal property, and correspondence not raised on appeal), aff'd, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).
 
 
 10
 The decision of the District Court is affirmed.
 
 
 
 [1]
 The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas