991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joe BRASFIELD, Sr., Appellant,
v.
Bobby Ray BRASFIELD; Bobby Jean Love; Brendalyn Joyce
Jackson; Oreatha Martin; Clyde Mae Coleman; Bonda Kay
Brasfield Wiley; Leon Jamison; Marion Humphrey; Robert P.
Remet; Ben Williams; Don Smith; A. L. Morgan; Ed Sewell;
Herman Norris; Mitchell Norris, Appellees.
William Setterman, Movant Appellees.
 No. 92-3726.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 22, 1993.
Filed: April 27, 1993.
 
 Before BOWMAN, MAGILL, MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joe Brasfield, Sr., appeals from the District Court's[1] dismissal of his civil rights action. We affirm.
 
 
 2
 Brasfield claimed that certain Desha County law enforcement officers had physically injured him while taking him into custody for a mental evaluation at the state hospital. The District Court scheduled the action for a bench trial. On the day of trial, Brasfield objected to the lack of a jury and stated that he believed he had properly demanded one. The District Court found that Brasfield had failed to make an adequate jury demand and consequently had waived his right to a jury trial. Brasfield then refused to offer any evidence without a jury present. The District Court warned Brasfield that if he did not present evidence, it would have no choice but to dismiss his case for failure to meet his burden of proof. Brasfield continued his refusal, and the District Court dismissed the action.
 
 
 3
 We agree with the District Court that Brasfield did not make an adequate jury demand under Fed. R. Civ. P. 38(b) and accordingly waived his right to a jury trial. See Scharnhorst v. Independent Sch. Dist., 686 F.2d 637, 641 (8th Cir. 1982) (per curiam), cert. denied, 462 U.S. 1109 (1983). Further, we conclude that the District Court did not abuse its discretion when it chose not to excuse this waiver. See Spear v. Dayton's, 771 F.2d 1140, 1144 (8th Cir. 1985). Finally, we agree with the District Court that it had no choice but to dismiss the action when Brasfield refused to present his case.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas