50 F.3d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Eddie O. BUCKLEY, Jr., Appellant,
v.
D. W. DAVIS; M. Lozano, Security Director of ISP, Appellees.
 No. 94-1816.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 15, 1995.
Filed: Mar. 20, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eddie O. Buckley Jr. appeals the district court's[1] entry of judgment in favor of defendants after a bench trial in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Buckley, a black inmate at the Iowa State Penitentiary (ISP), brought this action challenging the operation of two ISP policies. One ISP policy prohibited Afro combs and hair picks in the segregation unit unless they had their handles removed; a second policy prohibited contraband, defined as including any property that had been altered in any way. Buckley contended that the defendants had applied the two policies in conjunction to deny hair picks and Afro combs to him and other black inmates who wore "Afro" hairstyles and needed such combs and picks to properly groom their hair, and that this denial was racially motivated.
 
 
 3
 At a bench trial, Buckley testified that on several occasions he had possessed hair picks which had had their handles cut off by ISP employees, but that the hair picks were confiscated by defendants Davis and Lozano as altered property. Buckley stated that he believed the policy was discriminatory because only African-Americans used hair picks and Afro combs for their hair. Colonel John Emmett, the ISP Security Director, testified that the hair picks were made of hard plastic and had long handles; that hair picks and combs with handles were easily convertible into potential weapons; and that the policy requiring handles to be cut off of hair picks and Afro combs was needed for prison security. Emmett stated that current prison policy allowed handleless Afro combs and hair picks of certain maximum sizes, and that such combs and hair picks should not be subject to confiscation as altered property under prison policy. The district court found that the ISP policy requiring handles to be removed from hair picks and Afro combs was valid under Turner v. Safley, 482 U.S. 78 (1987), as the policy was reasonable and related to prison security.
 
 
 4
 The district court's finding that the prison's comb policy was reasonably related to legitimate penological security needs was not clearly erroneous, see Fed. R. Civ. P. 52(a) (standard of review); assuming Buckley asserted any constitutional right infringed by the comb policy, we agree with the district court that the comb policy was valid under Turner. As to Buckley's claim he was denied equal protection on the basis of race by defendants' application of the comb and contraband policies together, Buckley did not present sufficient evidence to show any intentional discrimination by defendants. See Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir. 1987) ("Proof of discriminatory racial purpose is required to establish an equal protection violation; an official act is not unconstitutional solely because it has a racially disproportionate impact"); Inmates of Neb. Penal & Correctional Complex v. Greenholtz, 567 F.2d 1368, 1374-75 (8th Cir. 1977), cert. denied, 439 U.S. 841 (1978) (evidence of racially disproportionate impact, if shown, must still be accompanied by racially motivated purpose).
 
 
 5
 We do not reach Buckley's assertion regarding denial of a religious article because such claim was not properly raised below. See Glick v. Walker, 834 F.2d 709, 711 (8th Cir. 1987) (per curiam) (appellate court will not consider issues not raised below unless injustice might otherwise result).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)