United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-2061

Alvin Harris,                  *

                     *

     Appellant,        *

                     *

    v.               * Appeal from the United States

                     * District Court for the

Lincoln County Residential    * Eastern District of Missouri.

Facilities,             *

                     *    [UNPUBLISHED]

     Appellee.        *

_____

Submitted: June 4, 1997
Filed: June 9, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

Alvin Harris appeals from an order of the District Court[1] entering judgment in favor of defendant Lincoln County Residential Facilities following a bench trial in his sexual harassment suit filed under Title VII, 42 U.S.C. §§ 2000e to 2000e-17.

As Harris has neither provided a transcript nor moved for the preparation of a transcript at government expense, we cannot review his claims of trial error. See

---

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

Fed. R. App. P. 10(b); Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir. 1994); Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988).  As for Harris's claim that he was entitled to a jury trial, we conclude that the District Court was correct in determining that Harris failed to make a timely jury demand in accordance with Federal Rule of Civil Procedure 38(b), thereby waiving his right to a jury trial.  See Fed. R. Civ. P. 38(d); Scharnhorst v. Independent Sch. Dist. No. 710, 686 F.2d 637, 641 (8th Cir. 1982) (per curiam) (holding that appellant waived right to jury trial by failing to make timely demand, regardless of proffered explanation), cert. denied, 462 U.S. 1109 (1983).  Further, the District Court's refusal to excuse the waiver did not constitute an abuse of discretion.  Spear v. Dayton's, 771 F.2d 1140, 1144 (8th Cir. 1985) (stating that pro se litigants are not afforded any special leniency under Rule 38 and that a district court's refusal to excuse waiver is reviewed for abuse of discretion).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.