Jerry **FREEBORN** and Somaly **Chack, Plaintiffs,**

v.

Ly **MAK** and Des Moines Independent School District, Defendants.

No. 4:03–CV–90145.

United States District Court, S.D. Iowa, Central Division.

July 10, 2003.

Robert A. Wright, Jr., Esq., Des Moines, IA, for Plaintiffs.

Andrew J. Bracken, Esq., and Nathan J. Overberg, Esq., Des Moines, IA, for Defendants.

## ORDER ON MOTION TO STRIKE JURY DEMAND

PRATT, District Judge.

Before the Court is Defendants' Motion to Strike Plaintiffs' Untimely Jury Demand. Plaintiffs have resisted the Motion and ask the Court to allow their case to proceed as a jury trial in spite of a belatedly filed Jury Demand. For the reasons set forth below, Defendants' Motion is overruled.

## I. BACKGROUND

### A. Plaintiffs' Claim

Plaintiffs and co-workers Jerry Freeman and Somaly Chack began dating while employed with the Defendant, Des Moines Independent School District ("District"). Defendant Ly Mak also works for the District as a building manager. Mr. Freeman is Caucasian, and Ms. Chack and Mr. Mak are Cambodian.

Plaintiffs allege that Defendant Mak has subjected them to increased scrutiny and different terms and conditions of employment when compared to other similarly situated employees. Plaintiffs further allege that Defendant Mak's actions are intended to intimidate, harass, and humiliate them. Plaintiffs contend that Defendant Mak's actions are based on Ms. Chack's ethnic origin and her interracial relationship with Plaintiff Freeman. Plaintiffs Pe-

tition argues that Defendant Ly Mak has created a hostile work environment through his actions and that the District should be held vicariously liable for the same conduct.

## B. Procedural Background

Plaintiffs originally filed their Petition for Damages in the Iowa District Court for Polk County on February 7, 2003. After receiving service of process on February 19, 2003, Defendants removed the case to this Court on March 18, 2003 and filed an Answer on March 20, 2003. Plaintiffs filed a Jury Demand almost three months later on June 11, 2003. In response to Defendants' Motion to Strike, Plaintiffs contend that the absence of a jury demand was noticed during discussions regarding the preparation of a proposed scheduling order. Plaintiffs' counsel then notified Defendant of his intent to file a jury demand and promptly filed the same with the Clerk of the Court.

## II. DISCUSSION

 The right to a trial by jury in civil suits is preserved by the Seventh Amendment to the United States Constitution where the amount in controversy exceeds twenty dollars. The right to a trial by jury in a civil case, however, is not absolute; the right may be waived if the jury demand is not made in a timely fashion. *Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet and Lumber Co.*, 195 F.3d 368, 374 (8th Cir.1999) (citing *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995) (per curiam)). Rule 38 of the Federal Rules of Civil Procedure preserves the Seventh Amendment right to a civil jury and sets forth the procedural requirements for demanding a jury trial. Under Rule 38(b), "[a]ny party may demand a trial by jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d)." A failing on the part of a party to serve and file the demand within the ten day time limit constitutes a waiver of the right to a trial by jury. Fed. R.Civ.P. R. 38(d). As Plaintiffs failed to file and serve their jury demand within the ten day time limit Defendants argue that Plaintiffs have waived the right to a trial by jury.

Under Rule 39(b), "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." The Eighth Circuit has not articulated a legal standard under Rule 39(b), but the appellate court has noted that courts "ought to approach each application under Rule 39(b) with an open mind." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2334, at 116 (1971)). As well, the circuit instructs that "jury trials ought to be liberally granted when no prejudice results." *Id.*

 Plaintiffs now ask the Court to use its discretionary power under Rule 39(b) to allow their claims to be tried to a jury in spite of the untimely jury demand. Although, as noted, the Eighth Circuit has not established a particular standard, the Fifth and Eleventh Circuit Courts of Appeals have distilled five factors for a district court to consider in the exercise of its discretion under Rule 39(b). *See Daniel Int'l v. Fischbach & Moore Inc.*, 916 F.2d 1061, 1064 (5th Cir.1990) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.) *cert denied* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983)). Under this analysis, the five factors for the Court to consider are:

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Id.*

In the present case, Plaintiffs claim that Defendant Mak created a hostile work environment for Plaintiffs because of their interracial relationship. As such a claim is highly personal and factually intensive, the Court believes that the issues presented thereby are best tried to a jury. The first factor, therefore, weighs in favor of Plaintiffs. The second and third factors also favor denying Defendants' motion. This case is in the early stages of discovery. A trial date is well off, and the Court's schedule will not be disrupted by allowing Plaintiffs to try their case to a jury. As well, Defendants have not suggested that a jury trial would in any way disrupt their schedules. The same holds true for the third factor, prejudice to Defendants. Defendants have given no indication that they would in any way be prejudiced by allowing Plaintiffs to try this case before a jury.

The fourth factor asks the Court to consider the length in delay before Plaintiffs made their jury demand. Defendants make much of the fact that they were served with Plaintiffs' jury demand seventy-four days late. Depending on the circumstances, one could see where a delay of two and a half months would be significant if not dispositive to this question. In, however, the time that has passed from when Defendants filed their Answer to when Plaintiffs filed their belated jury demand, nothing has occurred in this case. Plaintiffs have not filed a jury demand on the eve of trial, nor does it appear that Plaintiffs' late demand is in any way calculated to delay or hinder these proceedings. As for the fifth factor, Plaintiffs' reason for delay, Defendants clearly have the advantage. Plaintiffs' only excuse for the late filing was the oversight of their attorney. Oversight and neglect are poor excuses for failing to comply with the procedural requirements in demanding a right as fundamental as the right to a trial by jury. The Court is well within its discretion to deny Plaintiffs' request for such a mistake. *See Scharnhorst v. Independent School Dist.,* 686 F.2d 637, 641 (8th Cir.1982).

In weighing the five factors, the Court is mindful of the fact that if the Court grants Defendants' Motion to strike Plaintiffs' untimely jury demand, the Court also strikes the Seventh Amendment rights of the individual Plaintiffs to have their case heard by a jury. Defendants do not claim that they would be prejudiced, delayed, or in any way inconvenienced if Plaintiffs' case is tried to a jury instead of the Court. Rather, Defendants' sole argument is that Plaintiffs failed to request a jury trial within the time limit of Rule 38(b). This fact is undisputed. Here, as in many instances, the law has a great penchant for placing form over substance, but when the resultant equation balances a procedural error against divesting individual persons of their most fundamental constitutional rights, there can be no debate. Neither Jerry Freeborn nor Somaly Chack failed to file a timely jury demand, and they should not be stripped of their Seventh Amendment rights because of their lawyer's negligent oversight.

## III. ORDER

Defendants' Motion is **denied**.

IT IS SO ORDERED.