# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4022

_____

Carl Davis, Jr.,                              *
                                              *
                    Appellant,                *
                                              *
        v.                                    *    Appeal from the United States
                                              *    District Court for the
Larry Norris, Director, ADC; Greg             *    Eastern District of Arkansas.
Harmon, Warden, East Arkansas                 *
Regional Unit, ADC; Essie Clay,               *
Disciplinary Hearing Officer, East            *
Arkansas Regional Unit, ADC; Larry            *
Foster, Correctional Officer I, East          *    [UNPUBLISHED]
Arkansas Regional Unit, ADC; George           *
Brewer, Classification Administrator,         *
ADC; James Gibson, Hearing Officer            *
Administrator, ADC; Tameka Cody,              *
Disciplinary Office, East Arkansas            *
Regional Unit, ADC; Shauntae Hardy,           *
Correctional Officer I, East Arkansas         *
Regional Unit, ADC; Patricia Green,           *
Classification Officer, East Arkansas         *
Regional Unit, ADC; Shameka Golet,            *
Disciplinary Notifying Officer, East          *
Arkansas Regional Unit, ADC,                  *
                                              *
                    Appellees.                *

_____

Submitted: July 24, 2007
Filed: July 27, 2007

_____

Before BYE, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Carl Davis, Jr., appeals the district court's[1] preservice dismissal with prejudice of his 42 U.S.C. § 1983 action for failure to state a claim. Upon de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we affirm.

We agree with the district court that Davis's alleged due process violations resulting from a disciplinary hearing and conviction were cured by its reversal. See Wycoff v. Nichols, 94 F.3d 1187, 1189 (8th Cir. 1996) (reversal of disciplinary case against prisoner constituted due process prisoner received and it cured alleged due process violation). We also find no merit to Davis's claim that he was denied due process by not being restored to his prior classification status, and enduring the resulting more restrictive living conditions, as the conditions did not amount to an "atypical and significant" hardship. See Sandin v. Connor, 515 U.S. 472, 484 (1995) (confinement in segregation does not implicate Due Process Clause unless confinement imposes atypical and significant hardship on inmate in relation to ordinary prison life); Glick v. Walker, 834 F.2d 709, 711 (8th Cir. 1987) (per curiam) (failure of prison official to properly classify inmate does not amount to constitutional violation). Finally, as to Davis's allegation that his conviction resulted in a loss of good-time credit, Davis must seek relief in a habeas proceeding. See Portley-El v. Brill, 288 F.3d 1063, 1066 (8th Cir. 2002) (§ 1983 claim for damages from prison discipline that resulted in loss of good-time credits does not arise until inmate has challenged discipline through habeas proceeding); see also Entzi v. Redmann, 485

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

F.3d 998, 1003 (8th Cir. 2007) (rule set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)--that person challenging loss of sentence-reduction credits must do so through habeas action--applies even if habeas remedy is no longer available to plaintiff).

Accordingly, the judgment is affirmed.

_____